# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-09-00613-CV

Shumaker Enterprises, Inc., Appellant

v.

The City of Austin, Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. D-1-GN-08-001602, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## O P I N I O N

Shumaker Enterprises, Inc. ("Shumaker") filed a permit application with Travis County seeking to develop its real property located in the county. Subsequently, but before the County had acted on the application, the property became part of the extraterritorial jurisdiction ("ETJ") of the City of Austin. The City then required Shumaker to obtain a City permit to develop the property. Shumaker filed suit in district court against the City, asserting that chapter 245 of the Texas Local Government Code[1] required the City to consider only those requirements that were applicable at the time Shumaker had filed its permit application with the County. The district court rendered summary judgment in favor of the City. We conclude that local government code section 245.002 does not lock in a regulatory agency's permitting requirements as to a project until the original filing concerning the project is made with that regulatory agency. Accordingly, we hold

---

[1] Tex. Loc. Gov't Code Ann. §§ 245.001-.007 (West 2005).

that Shumaker's filing with the County did not impact the City's imposition of requirements for the issuance of a City permit. We affirm the judgment of the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

Shumaker is the owner of approximately 470 acres of land in Travis County on which it intends to conduct sand and gravel mining operations. On July 1, 2005, Shumaker submitted to the County an application for a permit to conduct mining operations on the property. At that time, the "Front Tract" of the property was located within the City's ETJ, but the "Middle Tract" and "Back Tract" were not. *See* Tex. Loc. Gov't Code Ann. § 42.021(a)(5) (West 2008) (defining extraterritorial jurisdiction of municipality with 100,000 or more inhabitants). On December 31, 2005, however, as a result of the City's annexation of unrelated property, the City's ETJ expanded to include the Middle Tract. The County had not yet acted on Shumaker's permit application, and Shumaker had not yet submitted any development application, plan, or notice to the City. The County later issued a permit to Shumaker, allowing development of the Back Tract but precluding development of the Front and Middle Tracts without a City permit or, with respect to the Middle Tract, submission of proof that the City would not require a permit.[2]

Following the County's permit issuance, Shumaker submitted an application to the City for development of the Front Tract, and the City issued a permit allowing such development. Shumaker also requested from the City a determination that no City permit was required for development of the Middle Tract due to Shumaker's application with the County having already

---

[2] The Travis County Code requires that the County not issue a development permit until all applicable approvals are acquired from the City. *See* Travis County Code § 64.058 (2008).

2

been filed before that tract came within the City's ETJ. The City rejected Shumaker's position, requiring a City permit for development of the Middle Tract (as with the Front Tract).

Shumaker filed suit in district court against the City, seeking mandamus and declaratory relief with respect to the Middle Tract.[3] *See id.* § 245.006(a) (West 2005). The parties filed competing motions for summary judgment. The district court rendered summary judgment in favor of the City, finding that Shumaker was not entitled to develop the Middle Tract "solely under the land development laws in place when it filed its application with the County on July 1, 2005 —i.e., solely the County's land development laws." Shumaker appeals.

## DISCUSSION

We review the district court's summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). Under the "traditional" standard, a summary judgment should be granted only when the movant establishes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003). When, as here, both parties file motions for summary judgment and the court grants one and denies the other, we must decide all questions presented and render the judgment that the trial court should have rendered. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000).

Shumaker argues that its filing a permit application with the County at a time when the Middle Tract was not within the City's jurisdiction barred the City from requiring Shumaker to

---

[3] Shumaker also filed suit against the County, but its claims against the County were severed from this suit.

3

obtain a City permit after the Middle Tract became a part of the City's ETJ.  Shumaker relies on

chapter 245 of the local government code, which governs the issuance of local permits.  *See* Tex.

Loc. Gov't Code Ann. §§ 245.001-.007 (West 2005).  Section 245.002 provides as follows:

> (a)　　Each regulatory agency shall consider the approval, disapproval, or conditional approval of an application for a permit solely on the basis of any orders, regulations, ordinances, rules, expiration dates, or other properly adopted requirements in effect at the time:
>
> > (1)　　the original application for the permit is filed for review for any purpose, including review for administrative completeness; or
> >
> > (2)　　a plan for development of real property or plat application is filed with a regulatory agency.
>
> (a-1)　　Rights to which a permit applicant is entitled under this chapter accrue on the filing of an original application or plan for development or plat application that gives the regulatory agency fair notice of the project and the nature of the permit sought. An application or plan is considered filed on the date the applicant delivers the application or plan to the regulatory agency or deposits the application or plan with the United States Postal Service by certified mail addressed to the regulatory agency. A certified mail receipt obtained by the applicant at the time of deposit is prima facie evidence of the date the application or plan was deposited with the United States Postal Service.

*Id.* § 245.002(a), (a-1).

Generally, the right to develop property is subject to intervening regulatory changes.

*Quick v. City of Austin*, 7 S.W.3d 109, 124 (Tex. 1998).  Section 245.002(a) creates a narrow

exception to this rule by ensuring that if, after receiving a development application or plan, a

regulatory agency changes its land-use regulations, the agency cannot enforce such regulatory change

to the detriment of the applicant.  *See* Tex. Loc. Gov't Code Ann. § 245.002(a); *Save Our Springs*

*Alliance v. City of Austin*, 149 S.W.3d 674, 681 (Tex. App.—Austin 2004, no pet.).

Local government code section 245.002(a)(1) requires a regulatory agency to process a land development permit application solely under the land development laws and requirements in effect when the original application was filed. *See* Tex. Loc. Gov't Code Ann. § 245.002(a)(1). Shumaker argues that section 245.002(a)(1) should be construed to mean that *all* jurisdictions' land development laws are locked in for a project once an application is filed with *any* interested regulatory agency. Under this view, the City would be required to consider Shumaker's permit application with the *City* solely on the basis of the requirements applicable at the time Shumaker filed its permit application with the *County*.[4] It is true that the application filed with the County was the original application for Shumaker's mining project on the Middle Tract. Section 245.002(a)(1), however, refers to the original application "for the permit"—not for the "project" or for the "property"—which in context refers to a permit sought from the regulatory agency that is charged with determining whether to approve, disapprove, or conditionally approve the pending application. Under the plain language of the statute, therefore, the City must consider the application for a City permit solely on the basis of the requirements in effect at the time the application *to the City* was filed.[5] To gain section 245.002(a)(1)'s protection from a change in the regulatory agency's existing "orders, regulations, ordinances, rules, expiration dates, or other properly adopted requirements," an applicant must first file a permit application with that agency. *See id.* § 245.002(a).

---

[4] There is no dispute that both the County and the City are "regulatory agencies," *see* Tex. Loc. Gov't Code Ann. § 245.001(4), that Shumaker has applied to both the County and the City for a "permit," *see id.* § 245.001(1), and that subsection (1) of section 245.002(a) is the subsection applicable to Shumaker's applications, *see id.* § 245.002(a).

[5] If a series of permits are to be filed with a regulatory agency for a single project, the applicable requirements become frozen upon the filing of the application for the first permit in the series. *See id.* § 245.002(b).

The parties also dispute the effect of local government code section 245.002(a-1), which contemplates that the permit application provide "fair notice" to "the regulatory agency." *See id.* § 245.002(a-1). However, section 245.002(a-1) does not alter section 245.002(a)'s description of what rights accrue and against which regulatory agency they accrue. Rather, section 245.002(a-1) clarifies *when* such rights accrue. They accrue as of the filing "that gives the regulatory agency fair notice of the project and the nature of the permit sought," the time of such filing being dependent on whether the applicant uses certified mail. *See id.*; *see also* Sen. Comm. on Intergovernmental Relations, Bill Analysis, Tex. S.B. 848, 79th Leg., R.S. (2005) ("S.B. 848 specifically defines and determines what 'filed' means as it relates to city applications for land development permits."). Thus, subsection (a-1) does not contemplate that an application filed with one agency will provide "fair notice" to another agency. That subsection merely addresses what constitutes fair notice to a regulatory agency when an applicant submits materials that the applicant intends to constitute a filing with that agency. *See* Tex. Loc. Gov't Code Ann. § 245.002(a-1).

Nor does section 242.001(c) of the local government code affect our holding. Section 242.001(c) provides, in relevant part:

> Any expansion or reduction in the municipality's extraterritorial jurisdiction that affects property that is subject to a preliminary or final plat, a plat application, or an application for a related permit filed with the municipality or the county or that was previously approved under Section 212.009 or Chapter 232 does not affect any rights accrued under Chapter 245. The approval of the plat, any permit, a plat application, or an application for a related permit remains effective as provided by Chapter 245 regardless of the change in designation as extraterritorial jurisdiction of the municipality.

6

*Id.* § 242.001(c) (West 2005). Shumaker relies on section 242.001(c) to assert that the legislature has determined that an expansion of a municipality's ETJ has no effect on rights locked in under chapter 245. By its terms, however, the quoted portion of section 242.001(c) does not entitle Shumaker to any rights as against the City, because that provision applies only to subdivision plats and related permits. *See generally id.* § 242.001. Since Shumaker's intended development involves a mining operation, not a subdivision, section 242.001(c) does not apply here.

### CONCLUSION

At the time Shumaker filed its original application *with the City* concerning its mining project, the Middle Tract was already within the City's ETJ. Therefore, chapter 245 of the local government code does not prohibit the City from imposing on Shumaker's Middle Tract the requirements then applicable to property located within the City's ETJ.[6] We affirm the judgment of the district court.

---

[6] Having concluded that Shumaker failed to lock in any rights under local government code section 245.002(a) as against the City prior to the expansion of the City's ETJ, we need not address the City's additional arguments that Shumaker's project was not "in progress," *see id.* § 245.003, or that the annexation ordinance that brought the Middle Tract into the City's ETJ is exempted from chapter 245, *see id.* § 245.004(7). In addition, we are not faced with the question of, and do not address (1) the impact of an application filed with a regulatory agency on the approval process of another regulatory agency in the same political subdivision, or (2) the impact of a permit being issued by a county for a project prior to the expansion of a municipality's ETJ to include the subject property.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Patterson and Henson

Affirmed

Filed:   November 2, 2010