

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00106-CV

_____

ESTATE OF JAMES W. FISHER, DECEASED

On Appeal from the County Court at Law
Harrison County, Texas
Trial Court No. 2011-16,479-CCL

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

O P I N I O N

Arguing that her adopted father's will resulted in an "unnatural disposition," Sheila N. Fisher and her husband, Carlos Garcia, III, contested the application to probate the will of James W. Fisher on the ground that he had been unduly influenced by his biological nephew, James Umberger, to bequeath the majority of his estate to Umberger.[1]  Finding no evidence of undue influence, the trial court granted a partial no-evidence summary judgment motion in favor of Umberger.  Sheila and Garcia have filed an accelerated permissive appeal from this order pursuant to Section 51.014(d) of the Texas Civil Practice and Remedies Code.  But Section 51.014(d)'s requirements, which are necessary to confer jurisdiction with this Court, have not been met.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West Supp. 2013).  Therefore, we dismiss the permissive appeal for want of jurisdiction.

Generally, "[a]n appeal may be taken only from a final judgment, unless a statute specially authorizes an interlocutory appeal."  *Borowski v. Ayers*, No. 10-13-00077-CV, 2013 WL 6388336, at *2 (Tex. App.—Waco Dec. 5, 2013, no pet. h.) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001)); *see Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 206 (Tex. App.—San Antonio 2011, no pet.) (citing *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994)).  The parties agree that this interlocutory order is otherwise unappealable unless Section 51.014 applies.  We strictly construe this section permitting interlocutory appeal.  *Corp. of President of Church of Jesus Christ of Latter–Day Saints v. Doe*, No. 13-13-00463-CV, 2013

---

[1]Sheila and Garcia also filed a competing application to probate Fisher's prior will and sought the imposition of a constructive trust on Fisher's bank accounts, safety-deposit box, certificates of deposit, and life insurance policies which were left to Umberger.

WL 5593441, at *1 (Tex. App.—Corpus Christi Oct.10, 2013, no pet.) (mem. op.); *Gully*, 350

S.W.3d at 206. The statutory language reads:

> On a party's motion or on its own initiative, a trial court in a civil action may, by
> written order, permit an appeal from an order that is not otherwise appealable if:
>
> (1)     the order to be appealed involves a controlling question of law as to which
> there is a substantial ground for difference of opinion; and
>
> (2)     an immediate appeal from the order may materially advance the ultimate
> termination of the litigation.

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d).

The trial court's order does not mention the requirement that the appeal involve a

controlling question of law. The order appealed from contains the following language:

> [T]he Court is of the opinion and finds that Contestants have offered no evidence
> on any of the elements of undue influence on which they have the burden of proof
> at trial, namely,
>
> > (1)     the existence and exertion of an influence;
> > (2)     the effective operation of such influence so that the mind of
> > the Testator was subverted or overpowered at the time of the will's
> > execution, ie., March 30, 2011; and
> > (3)     the execution of a will that the Testator would not have
> > executed but for that influence;
>
> and that the No Evidence Motion for Summary Judgment filed herein by
> Proponent, James Umberger, should be granted. . . .
>
> The Court further finds that an immediate appeal of this Order granting a
> no evidence motion for summary judgment on the issue of undue influence, may
> materially advance the ultimate termination of this litigation, as the remaining
> issues in the case will, in all probability, be controlled by the determination of the
> issue on undue influence on the Will Dated March 30, 2011.
>
> Therefore, it is ORDERED that Carlos Garcia, III and Shelia N. Fisher are
> granted permission to pursue an interlocutory appeal of the Amended Order

3

Granting No Evidence Motion for Summary Judgment filed by Proponent, James Umberger.

The order states that "the determination of the issue on undue influence" is the controlling issue. Whether undue influence was exerted is an ultimate question of fact for the fact-finder. *In re Estate of Butts*, 102 S.W.3d 801, 807 (Tex. App.—Beaumont 2003, pet. denied) (citing *Green v. Earnest*, 840 S.W.2d 119, 123 (Tex. App.—El Paso 1992, writ denied)); *see In re Marriage of Lewis*, No. 06-03-00053-CV, 2004 WL 1635571, at *2 (Tex. App.—Texarkana Jul. 23, 2004, pet. denied) (mem. op.).

"The legislature's institution of the procedure authorizing a trial court to certify an immediate appeal of an interlocutory order was premised on the trial court having first made a substantive ruling on the controlling legal issue being appealed." *Gulley*, 350 S.W.3d at 207–08; *see Borowski*, 2013 WL 6388336, at *3. A partial summary judgment, however, does not necessarily decide a controlling question of law. *See Trailblazer Health Enters., LLC v. Boxer F2, L.P.*, No. 05-13-01158-CV, 2013 WL 5373271, at *1 (Tex. App.—Dallas Sept. 23, 2013, no pet.); *WC Paradise Cove Marina, LP v. Herman*, No. 03-13-00569-CV, 2013 WL 4816597, at *1 (Tex. App.—Austin Sept. 6, 2013, no pet.) (mem. op.); *State Fair of Tex. v. Iron Mountain Info. Mgmt., Inc.*, 299 S.W.3d 261, 264 (Tex. App.—Dallas 2009, no pet.).

> The statute does not contemplate permissive appeals of summary judgments where the facts are in dispute. Instead, permissive appeals should be reserved for determination of controlling legal issues necessary to the resolution of the case. While the issue in the summary judgment is central to [the party]'s claim, its resolution does not rest on a controlling *legal issue* or materially advance the termination of the litigation.

4

*Diamond Prods. Int'l, Inc. v. Handsel*, 142 S.W.3d 491, 494 (Tex. App.—Houston [14th Dist.] 2004, no pet.).

Here, we are convinced that this appeal involves a controlling fact issue, not a legal one. The ruling appealed from is the finding that there was no evidence of undue influence at the time of the execution of Fisher's will on March 30, 2011. Instead of complaining of a ruling on a "pivotal issue of law" as contemplated in the enactment of Section 51.014(d), the parties' briefs argue disputed facts.[2] *See Gulley*, 350 S.W.3d at 208. "In effect, the parties desire to obtain an advance ruling on the summary judgment ground alleged in the motion before proceeding to trial." *Handsel*, 142 S.W.3d at 494.

We also find that the decision with respect to undue influence on March 30, 2011, in the execution of the will, does not control the pending questions of (1) whether Fisher was unduly influenced in (a) naming Umberger as co-owner with right of survivorship on a newly created checking account on December 15, 2010, (b) adding Umberger as a co-owner with right of survivorship to his safety-deposit box on January 25, 2011, (c) adding Umberger as a co-owner with right of survivorship to his certificates of deposit and another bank account on April 27, 2011, and (d) adding Umberger as a co-owner with right of survivorship on a third bank account on July 27, 2011, or (2) whether a constructive trust should be imposed on these assets.

Further, the Texas Rules of Appellate Procedure require the petition for permissive appeal to "argue clearly and concisely why the order to be appealed involved a controlling question of law as to which there is a substantial ground for difference of opinion." TEX. R. APP.

---

[2]Umberger contends that summary judgment evidence and statements relied on by Sheila and Garcia are inadmissible. Umberger's brief fails to cite to any ruling made by the trial court on admissibility of the evidence.

P. 28.3(e)(4); *see Richardson v. Kays*, No. 02-03-241-CV, 2003 WL 22457054, at \*2 (Tex. App.—Fort Worth Oct. 30, 2003, no pet.) (mem. op.) (denying application to appeal that did "not mention, discuss, or analyze why the issue . . . involves a controlling question of law as to which there is a substantial ground for difference of opinion"). Our review of Sheila and Garcia's petition confirms that this was not done.

Subsection (d) was added to Section 51.014 to promote judicial efficiency. *See Gulley*, 350 S.W.3d at 207–08 (citing House Comm. on Civil Practices, Bill Analysis, Tex. H.B. 978, 77th Leg., R.S. (2001)). Probate proceedings are an exception to the "one final judgment" rule; in such cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Lehmann*, 39 S.W.3d at 192. In the absence of a specific statute providing for the appeal of a probate matter, an order may be appealed if it disposes of all issues in a phase of the probate proceeding. *In re Estate of Velvin*, No. 06-12-00062-CV, 2012 WL 3129133, at \*4 (Tex. App.—Texarkana Aug. 2, 2012, no pet.) (mem. op.) (citing *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006)). Here, judicial economy will not be served if permissive appeal is allowed at this stage, since an unhappy party is free to appeal the order which would be expected to result soon from the court's summary judgment ruling—an order admitting the will to probate and issuing letters testamentary. The parties may also have the opportunity to appeal other future orders that adjudicate a substantial right and end various phases of the probate proceeding.

We dismiss this appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice

Date Submitted:     January 3, 2014
Date Decided:       January 15, 2014