

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-14-00374-CV

COLLEGE STATION MEDICAL CENTER, LLC
D/B/A COLLEGE STATION MEDICAL CENTER,

Appellant

v.

ELEANOR KILASPA AND WILLIAM KILASPA,

Appellees

From the 85th District Court
Brazos County, Texas
Trial Court No. 13-002982-CV-85

## DISSENTING OPINION

There are several problems with what we do in this appeal. The problems show why we should be so very careful when we agree to accept a permissive appeal from an interlocutory order. In this instance, I would reconsider the decision to allow the permissive appeal, hold that permission was improvidently granted, and dismiss the appeal from the interlocutory order. Because the Court addresses the issue and affirms an interlocutory denial of a motion for summary judgment, I respectfully dissent.

First, I will discuss the process for permissive interlocutory appeals. Next, I will discuss why this particular proceeding is not a good candidate for the use of that procedure. Finally, I will discuss why, on the facts and briefing in this case, I would not take the permissive appeal and having taken it would now dismiss it as improvidently granted.

**PERMISSIVE APPEALS**

The closest procedure that we have in Texas to a permissive interlocutory appeal is a certified question to the Texas Supreme Court from a Federal Court. This is because the trial court must agree that the disposition of that legal issue may materially advance the ultimate disposition of the case. *Compare* TEX. R. APP. P. 58. *with* TEX. R. CIV. P. 168. It is, however, in some respects like a petition for review because it is the parties that frame and brief the issue. *Compare* TEX. R. APP. P. 28.3(e) *with* 53.2. The reason that I believe we should look more to the procedure for certified questions is that resolution of the appeal should not be dependent on the resolution of fact questions or procedural issues. It needs to be solely a question of law unconstrained by procedural or factual issues. *See Diamond Prods. Int'l, Inc. v. Handsel*, 142 S.W.3d 491, 494 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("The statute does not contemplate permissive appeals of summary judgments where the facts are in dispute. Instead, permissive appeals should be reserved for determination of controlling legal issues necessary to the resolution of the case."). In this proceeding, the Court reviews the propriety of the trial court's decision to deny a motion for summary judgment. Because the movant\

appellant did not conclusively prove the notice was not given in conformity with the statute, the trial court's decision is affirmed. As framed by the parties and decided by the Court, this holding does not take the issue of compliance with the statutory tolling provision out of the case.

## QUESTIONS OF LAW ONLY

In a permissive interlocutory appeal, the issue should be framed solely as a question of law that needs to be resolved that disposes of the case. *See* TEX. R. APP. P. 28.3(e)(4); TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West 2014). We do answer one question for the parties, but it is not dispositive because there are similar questions that will remain, as will be explained below. Further, because all the Court holds is that the appellants' evidence did not conclusively negate the application of the tolling provision, the trial court's order is affirmed. This does not prevent the defendant\appellant from filing another summary judgment motion to attempt to conclusively negate the application of the tolling provision. *See In re Estate of Fisher*, 421 S.W.3d 682, 686 (Tex. App.—Texarkana 2014, no pet.) (judicial economy of section 51.014(d) not served when parties have the opportunity to appeal future orders that adjudicate a substantial right).

## PROBLEMS IN THIS PROCEEDING

In this proceeding there are several problems that lie beneath the surface, which cannot be addressed now, that may arise in the future. I would rather not talk about them at all before the proceeding is concluded, and we have a final judgment. In fact, at

that point, they may be moot due to waiver, or the nature of the judgment may have resolved the need to answer the larger questions, or the issue may have been raised and resolved at the trial court level and no one complains about that resolution. Nevertheless, to explain why this is not a good candidate for a permissive appeal, I feel I must explain the basis upon which I would deny permissive appeal; and therefore, will provide some discussion of the larger issues.

It is not at all clear why College Station Medical Center, LLC did not receive notice of the suit at least 60 days before suit was filed. The only notice sent was to Mukund Gundanna, M.D. It is clear College Station Medical Center, LLC was identified as a target defendant by the date suit was filed because it is the first named defendant. It is hard for me to imagine how the plaintiff was completely unaware of the intended scope of the suit until the very date the suit was filed and therefore provided no notice what-so-ever to College Station Medical Center, LLC. This completely defeats the purpose of the statute. Can a party game the system thusly by sending the only notice to a vacant office and completely deny all the other defendants the intended benefits of the balance struck by the legislature?

But the more critical failure is that the parties, in discussing the issue before the trial court and this Court, fail to discuss the single most critical word in the case. What does the statute mean when it uses the term "give" notice? *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(a) (West 2011). While the Court does use the term, it does not discuss or decide if "give" is synonymous with "send;" and if all the legislature meant

was to send notice, why the legislature used a different term. Of course, there is a body of law on the construction of statutes and agreements that if different terms are used, the drafting party, in this case the legislature, must have meant something different. *See Old Am. Cnty. Mut. Fire Ins. Co. v. Sanchez*, 149 S.W.3d 111, 116 (Tex. 2004) ("…we must initially determine what, if anything, the Legislature intended by using different language."). And while there is some discussion of sending notice versus receiving notice, there is no analysis of how sending notice to only one of the target defendants would accomplish the purpose of giving notice to "each physician or health care provider against whom" a claim is being made so that the problem can be resolved without the need to file suit. TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(a) (West 2011).

Finally, and most fundamentally to the process in this permissive appeal from the denial of a motion for summary judgment, I find it troubling that section 74.051(b) of the Texas Civil Practice and Remedies Code was not addressed. In this proceeding, the Court has placed on the summary judgment movant the burden to conclusively negate giving of the notice that is required by section 74.051(a). This is proper under existing case authority applicable to summary judgment on events that toll the statute of limitations. *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975). But section 74.051(b) states the party making the claim, normally the plaintiff, "…shall provide such evidence thereof [giving notice] as the judge of the court may require to determine if the provisions of this chapter have been met." TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(b) (West 2011).

And section 74.002 provides that, "[i]n the event of a conflict between this chapter and another law, including a rule of procedure or evidence or court rule, this Chapter controls to the extent of the conflict." *Id*. § 74.002(a). Thus, the normal summary judgment burdens simply do not apply. But the parties have not presented this issue based upon the applicable law; so the Court has not addressed this critical part of the issue in the opinion and has simply recited and decided the case based upon the usual burdens of going forward with the evidence, burdens of proof, and the normal standard of review as briefed and argued by the parties. I would not.

**CONCLUSION**

For the forgoing reasons, I do not believe that, on the briefing these parties have provided and the nature of the issue as presented, this is an appropriate issue upon which to grant a permissive appeal and would dismiss the permissive appeal as improvidently granted. Because the Court proceeds to resolve an issue the parties have not adequately framed or presented, I respectfully dissent.

TOM GRAY
Chief Justice

Dissenting Opinion issued and filed July 23, 2015

