ACCEPTED
06-15-00072-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/6/2015 2:07:01 PM
DEBBIE AUTREY
CLERK

No. 06-15-00072-CV

IN THE SIXTH DISTRICT COURT OF APPEALS
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
10/6/2015 2:07:01 PM
DEBBIE AUTREY
Clerk

HALEY BROWN,

*Petitioner/Appellant,*

v.

R.K. HALL CONSTRUCTION, LTD.,
RKH CAPITAL, LLC AND STACY LYON D/B/A
LYON BARRICADE & CONSTRUCTION.

*Respondents/Appellees.*

Appealed from the 62nd Judicial District Court,
Lamar County, Texas,
The Honorable Will Biard, Presiding

## APPELLEES/RESPONDENTS' AMENDED RESPONSE
## TO PETITION FOR INTERLOCUTORY APPEAL

Greg K. Winslett (Lead Counsel)
Texas State Bar No. 21781900
W. Edward Carlton
Texas State Bar No. 03820050
Marcie L. Schout
Texas State Bar No. 24027960
**QUILLING, SELANDER, LOWNDS,**
**WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
gwinslett@qslwm.com
ecarlton@qslwm.com
mschout@qslwm.com
**ATTORNEYS FOR**
**RESPONDENT/APPELLEE,**
**STACY LYON D/B/A LYON**
**BARRICADE & CONSTRUCTION**

Brett L. Myers (Lead Counsel)
State Bar No. 00788101
Blair M. Partlow
State Bar No. 24013299
**FOX ROTHSCHILD, LLP**
Two Lincoln Tower
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240
(972) 991-0889 (Telephone)
(972) 404-0516 (Facsimile)
**ATTORNEYS FOR**
**RESPONDENTS/APPELLEES**
**R.K. HALL CONSTRUCTION,**
**LTD. AND RKH CAPITAL, LLC**

# IDENTITY OF PARTIES AND COUNSEL

**Petitioner/Appellant:**

Haley Brown

**Respondents/Appellees:**

R.K. Hall Construction, Ltd.
RKH Capital LLC

Stacy Lyon d/b/a
Lyon Barricade & Construction

**Petitioner/Appellant's Counsel:**

Kevin W. Vice
Dale H. Henley
Mayo, Mendolia &Vice
5368 State Hwy. 276 West
Royse City, Texas 75189
Fax: 469-402-0461

**Respondents'/Appellees' Counsel:**

Brett L. Myers
Blair M. Partlow
Fox Rothschild, LLP
Two Lincoln Tower
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240
Fax: 972-404-0516

Greg K. Winslett
W. Edward Carlton
Marcie L. Schout
Quilling, Selander, Lownds,
    Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
Fax: 214-871-2111

i

# TABLE OF CONTENTS

**Page**

Identity of Parties and Counsel ...................................................................................i

Table of Contents .................................................................................................. ii

Index of Authorities ............................................................................................. iii

Issues Presented for Review ...................................................................................iv

Statement of Facts.................................................................................................1

Argument and Authorities......................................................................................2

I.      The petition for interlocutory appeal has been rendered moot because
        a final judgment has been entered as to RK Hall and Lyon. ...........................2

II.     The requirements of Texas Rule of Civil Procedure 168 and Texas
        Rule of Appellate Procedure 28.3 have not been met and accordingly
        an interlocutory appeal is not permitted. ......................................................3

III.    Even if the requirements of Rule 168 and Rule 28 had been met, an
        interlocutory appeal is not proper because the summary judgment is
        not limited to a controlling issue of law and an interlocutory appeal
        will not advance the ultimate termination of the litigation. ..........................5

Prayer ..................................................................................................................7

# INDEX OF AUTHORITIES

**Page**

**C**ASES

*Heinrich v. Strasburger & Price, L.L.P.*,
01-15-00473-CV, 2015 WL 5626507 (Tex. App.—Houston [1st
Dist.] Sept. 24, 2015, no. pet. h.) ...................................................................4

*Hernandez v. Ebrom*,
289 S.W.3d 316 (Tex. 2009) ...........................................................................3

*In re Estate of Fisher*,
421 S.W.3d 682 (Tex. App.—Texarkana 2014, no pet.) ....................... 3, 5, 6

*Long v. State*,
03-12-00437-CV, 2012 WL 3055510 (Tex. App.—Austin July
25, 2012, no pet.) ............................................................................................4

*Richardson v. Kays,*
No. 02–03–241–CV, 2003 WL 22457054 (Tex. App.—Fort
Worth Oct. 30, 2003, no pet.) .........................................................................5

**R**ULES

T**EX**. R. A**PP**. P. 28.3(e)(4) .................................................................................3, 5

T**EX**. R. C**IV**. P. 168.................................................................................... 3, 4, 5

iii

# ISSUES PRESENTED FOR REVIEW

1. Has the request for an interlocutory appeal been rendered moot by the trial court's granting of a severance, which permitted the summary judgment in favor of the defendants to become a final judgment which is subject to traditional appeal?

2. Should the petition for interlocutory appeal be denied where the underlying order does not comply with the requirements of Texas Rule of Civil Procedure 168 and the petition does not comply with the requirements of Texas Rule of Appellate Procedure 28?

3. Should the petition for interlocutory appeal be denied where it will not materially advance the ultimate termination of the litigation and will not result in judicial efficiency where interlocutory appeal will not allow consideration of all summary judgment grounds presented to the trial court?

## STATEMENT OF FACTS

The Texas Department of Transportation ("TxDOT") entered into a contract with RK Hall Construction, Ltd. ("RK Hall") for repair and construction on a portion of US Highway 82 located in Lamar County, Texas. RK Hall entered into a subcontract with Stacy Lyon d/b/a Lyon Barricade & Construction ("Lyon") whereby Lyon would supply certain traffic control devices in accordance with the traffic control plan designed by TxDOT for this project.

On March 16, 2012, Haley Brown ("Brown") had an accident while driving a vehicle through the project's construction zone. Brown filed suit against TxDOT, RK Hall and Lyon asserting premises liability and negligence theories.

Both RK Hall and Lyon filed motions for summary judgment arguing (1) Brown's claims were barred because they had immunity under section 97.002 of the Texas Civil Practice and Remedies Code, (2) Brown had no evidence of an unreasonable risk of harm, and (3) Brown had no evidence that they had actual knowledge of an unreasonable risk of harm. In addition, RK Hall argued it was entitled to summary judgment because (1) there was a lack of proximate cause, and (2) there was no evidence Brown was a licensee.

Following a hearing on the motions for summary judgment, the trial court indicated in an email that it was granting both the traditional and no evidence motions for summary judgment and further indicated that it would grant Brown the

ability to pursue an interlocutory appeal of these rulings. On August 27, 2015, the trial court entered an order consistent with this email, entering a take nothing judgment on the claims asserted against RK Hall and Lyon. A true and correct copy of the August 27, 2015 order is attached hereto as Exhibit A. The order did not constitute a final judgment because Brown's claims against TxDOT remained pending.

On September 14, 2015, RKH and Lyon filed a motion for severance, seeking to have the claims against them severed so that the take nothing judgment as to the claims against them could become final.

On September 17, 2015, the trial court held a hearing on a motion for summary judgment filed by TxDOT. The trial court determined that fact issues remained as to the claims against TxDOT and denied the motion for summary judgment. However, the trial court also granted the motion to sever filed by RK Hall and Lyon and severed all claims asserted by Brown against them into a new cause number such that the judgment as to them is final. A true and correct copy of the September 17, 2015 severance order is attached hereto as Exhibit B.

## ARGUMENT AND AUTHORITIES

I.    **The petition for interlocutory appeal has been rendered moot because a final judgment has been entered as to RK Hall and Lyon.**

There is no reason for this Court to grant a petition for interlocutory appeal where the trial court has entered a final judgment as to the claims against RK Hall

2

and Lyon and this matter is ripe for a traditional appeal. On September 17, 2015, the trial court severed all claims against RK Hall and Lyon into a separate suit. As a result, the summary judgment granted to RK Hall and Lyon is a final judgment. Because there is a final judgment, Brown is free to file a notice of appeal under Texas Rule of Appellate Procedure 25.1.

Nothing about requiring a traditional appeal will limit the arguments Brown can make on appeal. The failure to pursue a permissible interlocutory appeal does not prevent a party from raising in a traditional appeal following final judgment the issue that could have been raised in an interlocutory appeal. *Hernandez v. Ebrom*, 289 S.W.3d 316, 319 (Tex. 2009). Accordingly, even if Brown had not filed a petition for interlocutory appeal, she would have been permitted to attack all grounds which could potentially support the summary judgment, even those that could have been considered in an interlocutory appeal. Because a traditional appeal is available to Brown, and there is no prejudice in requiring her to pursue a traditional appeal instead of an interlocutory appeal, Brown's petition for interlocutory appeal is moot and should be denied.

## II. The requirements of Texas Rule of Civil Procedure 168 and Texas Rule of Appellate Procedure 28.3 have not been met and accordingly an interlocutory appeal is not permitted.

Statutes permitting interlocutory appeal are strictly construed. *In re Estate of Fisher*, 421 S.W.3d 682, 685 (Tex. App.—Texarkana 2014, no pet.). Where the

order permitting an interlocutory appeal under section 51.014(d) does not comply with the requirements of Texas Rule of Civil Procedure 168, the appellate Court lacks jurisdiction to consider the petition for interlocutory appeal. *Heinrich v. Strasburger & Price, L.L.P.*, 01-15-00473-CV, 2015 WL 5626507, at \*1 (Tex. App.—Houston [1st Dist.] Sept. 24, 2015, no. pet. h.).

Rule 168 requires that the order granting permission to seek an interlocutory appeal "must identify the controlling question of law as to which there is a substantial ground for difference of opinion, and must state why an immediate appeal may materially advance the ultimate termination of the litigation." TEX. R. CIV. P. 168. Where an order merely grants permission to seek an interlocutory appeal, without specifying the controlling question of law at issue, the petition for interlocutory appeal should be denied. *Long v. State*, 03-12-00437-CV, 2012 WL 3055510, at \*2 (Tex. App.—Austin July 25, 2012, no pet.). Here, the order permitting the interlocutory appeal does not satisfy either condition of Rule 168,[1] and accordingly, the Court does not have jurisdiction to grant the petition for interlocutory appeal.

In addition, the Texas Rules of Appellate Procedure require the petition for permissive appeal to "argue clearly and concisely why the order to be appealed

---

[1] At a hearing on October 2, 2015, the trial court denied a motion seeking to modify the August 27, 2015 summary judgment order, stating that there was a final judgment, Brown can appeal, and the trial court saw no reason to modify the summary judgment order.

involved a controlling question of law as to which there is a substantial ground for difference of opinion." TEX. R. APP. P. 28.3(e)(4). Applications for permissive appeal have been denied where the application did "not mention, discuss, or analyze why the issue ... involves a controlling question of law as to which there is a substantial ground for difference of opinion." *Richardson v. Kays,* No. 02–03–241–CV, 2003 WL 22457054, at \*2 (Tex. App.—Fort Worth Oct. 30, 2003, no pet.); *see also In re Estate of Fisher*, 421 S.W.3d 682, 685 (Tex. App.—Texarkana 2014, no pet.). Because Brown has not met the standard of Rule 28.3(e)(4), the application for permissive appeal should be denied.

**III.    Even if the requirements of Rule 168 and Rule 28 had been met, an interlocutory appeal is not proper because the summary judgment is not limited to a controlling issue of law and an interlocutory appeal will not advance the ultimate termination of the litigation.**

This Court has noted that the interlocutory appeal allowed under section 51.014(d) exists to promote judicial efficiency. *In re Estate of Fisher*, 421 S.W.3d 682, 685 (Tex. App.—Texarkana 2014, no pet.). Here, that goal of judicial efficiency is better served by denying the interlocutory appeal and permitting a traditional appeal from the now final judgment.

The summary judgment was premised in part on a controlling question of law pertaining to the application of the immunity provisions contained in section 97.002 of the Texas Civil Practice and Remedies Code. However, the summary judgment motions also raised no evidence and traditional summary judgment

5

grounds based on the lack of evidence regarding certain elements of Brown's causes of action. These additional grounds could not be considered in the context of an interlocutory appeal because a finding based on a no evidence point involves a controlling fact issue, not a controlling question of law. *Fisher*, 421 S.W.3d at 685. For example, in *Fisher*, this Court denied a petition for interlocutory appeal where the trial court's ruling involved a finding that there was no evidence of undue influence at the time of the execution of a will. *Id.*

If an interlocutory appeal were permitted here, only one of the multiple summary judgment grounds could be considered. If the Court were to find that ground did not support the summary judgment, that would not result in the termination of this litigation because a traditional appeal would then be required to consider the other summary judgment grounds. Such an approach, especially where a final judgment has been entered by the trial court as to the claims against RK Hall and Lyon, would not lead to judicial efficiency. Instead, it would result in the duplication of appeals. The better approach is to deny the petition for interlocutory appeal and permit the traditional appeal from the final judgment to proceed.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Respondents/Appellees RK Hall Construction, Ltd. and Stacy Lyon d/b/a Lyon Barricade & Construction pray that the petition for interlocutory appeal be denied.

Respectfully submitted,

_____/s/ Brett L. Myers_____

Brett L. Myers (Lead counsel)
State Bar No. 00788101
Blair M. Partlow
State Bar No. 24013299
**FOX ROTHSCHILD, LLP**
Two Lincoln Tower
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240
(972) 991-0889 (Telephone)
(972) 404-0516 (Facsimile)

**ATTORNEYS FOR
RESPONDENTS/ APPELLEES
R.K. HALL CONSTRUCTION, LTD.**


_____/s/ Greg K. Winslett_____

Greg K. Winslett (Lead Counsel)
Texas State Bar No. 21781900
W. Edward Carlton
Texas State Bar No. 03820050
Marcie L. Schout
Texas State Bar No. 24027960
**QUILLING, SELANDER, LOWNDS,
    WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
gwinslett@qslwm.com
ecarlton@qslwm.com
mschout@qslwm.com

**ATTORNEYS FOR
RESPONDENT/APPELLEE, STACY
LYON D/B/A LYON BARRICADE &
CONSTRUCTION**

8

## CERTIFICATE OF SERVICE

On October 6, 2015, I served a copy of the foregoing pleading by electronic service, upon the following:

Kevin W. Vice
Dale H. Henley
Mayo, Mendolia &Vice
5368 State Hwy. 276 West
Royse City, Texas 75189
kvice@mmvllp.com
dhenley@mmvllp.com

Brett L. Myers
Blair Partlow
Fox Rothschild, LLP
Two Lincoln Tower
5420 LBJ Freeway, Suite 1200
Dallas, Texas 75240
bmyers@foxrothschild.com
bpartlow@foxrothschild.com

*/s/ Greg K. Winslett*
Greg K. Winslett / W. Edward Carlton


## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word and contains 1,501 words, as determined by the computer software's word-count function.

*/s/ Greg K. Winslett*
Greg K. Winslett

9

CAUSE NO. 82395

| HALEY BROWN | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | |
| | § | OF LAMAR COUNTY, TEXAS |
| RK HALL CONSTRUCTION, LTD. | § | |
| RKH CAPITAL, LLC, STACY LYON d/b/a | § | |
| LYON BARRICADE & CONSTRUCTION | § | |
| and TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION | § | 62nd JUDICIAL DISTRICT |

## ORDER GRANTING TRADITIONAL AND NO EVIDENCE MOTIONS FOR SUMMARY JUDGMENT OF RK HALL CONSTRUCTION, LTD. AND STACY LYON D/B/A LYON BARRICADE & CONSTRUCTION

On the 13th day of August, 2015, came on to be heard Defendant RK Hall Construction, Ltd.'s Traditional Motion for Summary Judgment, Defendant RK Hall Construction, Ltd.'s, Amended No Evidence Motion for Summary Judgment, and Defendant Stacy Lyon d/b/a Lyon Barricade & Construction's Amended Traditional and No Evidence Motions For Summary Judgment (collectively "Defendants' Motions"); and all parties appeared by and through their respective counsel; and the Court, having reviewed Defendants' Motions, Plaintiff's Responses submitted thereto, the evidence on file, and having heard argument of counsel, is of the opinion that Defendants' Motions should be granted in their entirety, and accordingly;

It is ORDERED, ADJUDGED, and DECREED that Defendant RK Hall Construction, Ltd.'s Traditional Motion for Summary Judgment, Defendant RK Hall Construction, Ltd.'s, Amended No Evidence Motion for Summary Judgment, and Defendant Stacy Lyon d/b/a Lyon Barricade & Construction's Amended Traditional and No Evidence Motions for Summary Judgment be, and the same are, hereby granted; and

ORDER GRANTING RK HALL AND LYON'S TRADITIONAL AND NO EVIDENCE
MOTIONS FOR SUMMARY JUDGMENT –                                    PAGE 1

EXHIBIT
A

It is FURTHER ORDERED, ADJUDGED, and DECREED that Plaintiff, Haley Brown, take nothing by this suit as against RK Hall Construction, Ltd. and Stacy Lyon d/b/a Lyon Barricade & Construction; and

It is FURTHER ORDERED, ADJUDGED, and DECREED that Plaintiff, Haley Brown, is granted permission to file a Petition for Interlocutory Appeal in the 6th Court of Appeals of this Court's granting of Defendants' Motions; and

IT IS FURTHER ORDERED, ADJUDGED and DECREED that this Order shall have no impact on the claims of Haley Brown, as against Texas Department of Transportation, which claims will remain pending before the Court; and

IT IS FURTHER ORDERED, ADJUDGED and DECREED that all costs of court shall be taxed in accordance with the future orders of the Court, it being understood, however, that no costs of court shall be taxed against RK Hall Construction, Ltd. and Stacy Lyon d/b/a Lyon Barricade & Construction.

SIGNED this 27 day of August, 2015.

JUDGE PRESIDING

9/21/2015 10:50 AM JF

Ronnl Gibbs

CAUSE NO. 82395

| | | |
|---|---|---|
| HALEY BROWN | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | |
| | § | OF LAMAR COUNTY, TEXAS |
| RK HALL CONSTRUCTION, LTD. | § | |
| RKH CAPITAL, LLC, STACY LYON d/b/a | § | |
| LYON BARRICADE & CONSTRUCTION | § | |
| and TEXAS DEPARTMENT OF | § | |
| TRANSPORTATION | § | 62nd JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANTS RK HALL CONSTRUCTION, LTD. AND STACY LYON D/B/A LYON BARRICADE'S JOINT MOTION FOR SEVERANCE

Pending before the Court is Defendants RK Hall Construction, Ltd. and Stacy Lyon d/b/a Lyon Barricade & Construction's Joint Motion for Severance. After considering the Motion, the record, and the applicable law, the Court GRANTS the motion and orders as follows:

IT IS ORDERED that all claims against Defendants RK Hall Construction, Ltd. and Stacy Lyon d/b/a Lyon Barricade & Construction are hereby severed and made the subject of a separate action styled *Haley Brown v. Defendants RK Hall Construction, Ltd. and Stacy Lyon d/b/a Lyon Barricade* and assigned Cause No. _____84841_____.

SIGNED THIS __17__ DAY OF __Sept__, 2015.

_____
PRESIDING JUDGE

31503364 138307/00250

EXHIBIT
B