ACCEPTED
03-15-00741-CV
8359935
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/23/2015 12:27:59 PM
JEFFREY D. KYLE
CLERK

NO. 03-15-00741-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/23/2015 12:27:59 PM
JEFFREY D. KYLE
Clerk

CHARLES N. DRAPER,
Appellant, *Pro Se*,

V.

GREG GUERNSEY IN HIS OFFICIAL CAPACITY AS DIRECTOR OF
PLANNING AND DEVELOPMENT WATERSHED PROTECTION REVIEW
DEPARTMENT AND CITY OF AUSTIN,
Appellees.

ON APPEAL FROM THE 419TH DISTRICT COURT OF
TRAVIS COUNTY, TEXAS
CAUSE NO. D-1-GN-13-000778

**APPELLEES' MOTION TO DISMISS OR, IN THE ALTERNATIVE,
OPPOSED MOTION FOR EXTENSION OF TIME TO FILE BRIEF**

ANNE L. MORGAN, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, LITIGATION

ANDRALEE CAIN LLOYD
State Bar No. 24071577
Andralee.Lloyd@austintexas.gov
City of Austin – Law Department
P. O. Box 1088
Austin, Texas 78767-1088
Telephone: (512) 974-2918
Facsimile: (512) 974-1311

COUNSEL FOR DEFENDANT - APPELLEE

TO THE HONORABLE JUSTICES OF THIS COURT:

1.     Appellees-Defendants Greg Guernsey and City of Austin (collectively, the "City") respectfully requests that this appeal be dismissed for want of jurisdiction as Appellant-Plaintiff ("Mr. Draper") is seeking review of the denial of his No-Evidence Motion for Summary Judgment—which does not constitute a final order. Appellant's Brief, p. 6 ("Permission to Appeal"). In the alternative, the City requests a 30-day extension of time to file their brief.

## I.
## BACKGROUND

2.     On October 15, 2015, Mr. Draper filed a No Evidence Motion for Summary Judgment ("Motion" or "MSJ") with the 419th Judicial District Court in Travis County, Texas. Appellant's Brief, pp. 25-33 ("Plaintiff's No Evidence Motion for Summary Judgment"). Mr. Draper's MSJ sought vested rights under Chapter 245 of the Texas Local Government Code ("Chapter 245") to develop property at 6300-02 Highway 290 under regulations in effect on the date of an expired permit issued by Travis County on August 9, 1985, and/or a plat recorded in 1872. *See* Appellant's Brief, pp. 25-33. Chapter 245 provides that all permits required to complete a development project are "locked-in" to the regulations in effect on the date that the first permit application for the project was submitted. Mr. Draper also sought damages for allegations of fraudulent misrepresentation, perjury, breach of contract, preventing the execution of civil process, and

administrative failure to comply with Chapters 43.002, 245 and 312.005 of the Texas Local Government Code in connection with the denial of Mr. Draper's vested rights application and the handling of the current lawsuit. *See* Appellant's Brief, pp. 25-33. Mr. Draper's Motion sought damages in the amount of ten million, six hundred and ten thousand dollars ($10,610,000.00). Appellant's Brief, pp. 30 ("Damages").

3.    On November 3, 2015, the City timely filed its response to Mr. Draper's MSJ. Appellant's Brief, pp. 34-46. The City requested that Mr. Draper's Motion be denied because his claims lack evidentiary basis and are contrary to well established law. Appellant's Brief, pp. 34-46. The Rights conferred by Chapter 245 are not so broad that any permit application filed for development of a property is sufficient to exempt it from current regulations in perpetuity. Appellant's Brief, pp. 37-41. Instead, a landowner can only establish vested rights from an agency's regulations if he filed a permit application with that same agency. Appellant's Brief, pp. 37-39; *see also Shumaker Enterprises, Inc. v. City of Austin*, 325 S.W.3d 812, 815 (Tex. App.—Austin 2010, no pet.). Furthermore, a permit is not entitled to vested rights if the original project has changed or been completed. Appellant's Brief, pp. 39-41. Finally, the City argued that Mr. Draper's other causes of action were inappropriate and should be denied. Appellant's Brief, pp. 42-45.

4. The City also filed a Motion to Strike Mr. Draper's Summary Judgment Evidence ("Motion to Strike") on the basis of hearsay under Texas Rules of Evidence 801 and 802. Appellant's Brief, pp. 45 ("Defendants' Motion to Strike Plaintiff's Evidence"). The exhibits were not authenticated, but were offered to prove the truth of the matter asserted, constituting inadmissible hearsay. Appellant's Brief, pp. 45 ("Defendants' Motion to Strike Plaintiff's Evidence").

5. Following a hearing on Mr. Draper's Motion and the City's Motion to Strike, the district court signed an order denying the City's Motion to Strike and Mr. Drapers MSJ on November 12, 2015, stating in pertinent part:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff's No-Evidence Motion for Summary Judgment (construed by the Court as a Plaintiff's Traditional Motion for Summary Judgment) is DENIED.

Exhibit A; *see also* Appellant's Brief, p. 48.

6. Mr. Draper filed a notice of appeal from this order on November 20, 2015. Appellant's Brief, pp. 111-114 ("Plaintiff's Notice of Appeal Interlocutory Orders").

## II.
## MOTION TO DISMISS

7. An appeal generally may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). With certain exception not applicable here, a judgment is final for purposes of appeal if it

disposes of all pending parties and claims in the record. *Id*. A court must look to the language and record in the case to determine whether a judgment is final. *Id*. When there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal "unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and parties." *Id*. at 205.

8.      In the present case, the order being appealed did not dispose of any claims or any parties. Exhibit A; *see also* Appellant's Brief, p. 48. The order only denied Mr. Drapers MSJ. Exhibit A; *see also* Appellant's Brief, p. 48. "An order denying summary judgment is generally not appealable because it is not a final judgment." *Broesche v. Jacobson*, 218 S.W.3d 267, 274 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

9.      An order that does not dispose of all parties and all issues in the case must be classified, for purposes of appeal, as an unappeasable interlocutory order. *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex. App.—El Paso 1997, no writ). Without affirmative statutory authority to hear an interlocutory appeal, this Court lacks jurisdiction. *Id*. Mr. Draper has cited to Texas Civil Practice and Remedies Code § 51.014(d)(1) and Texas Rule of Civil Procedure 168 as the statutory authority granting jurisdiction. Appellant's Brief, p. 6 ("Permission to Appeal"). These statutes, however, do not apply to this case.

10. Texas Civil Practice and Remedies Code § 51.014(d), provides for an accelerated interlocutory appeal in limited situations:

> On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if: (1) The order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially advance the litigation.

TEX. CIV. PRAC. & REM. CODE § 51.014(d). Texas Rules of Civil Procedure provides further guidance on this type of appeal:

> On a party's motion or on its own initiative, a trial court may permit an appeal from an interlocutory order that is not otherwise appealable, as provided by statute. Permission must be stated in the order to be appealed. An order previously issued may be amended to include such permission. The permission must identify the controlling question of law as to which there is a substantial ground for difference of opinion, and must state why an immediate appeal may materially advance the ultimate termination of the litigation.

TEX. R. CIV. PROC. 168.

11. This type of appeal is a discretionary interlocutory appeal that is only available if the trial court first makes a substantive ruling on the controlling issue of law being appealed. *In re Estate of Fisher*, 421 S.W.3d 682, 684-85 (Tex. App.—Texarkana 2014, no pet.) (interlocutory appeal was unavailable because the controlling issue was a fact issue, not a legal one). The purpose of the permissive interlocutory appeal statute is to "allow the trial court to certify a question for appeal when [it] rules on an issue that is pivotal in a case about which there is

legitimate disagreement." *Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 207-08 (Tex. App.—San Antonio 2011, no pet.) (discussing legislative history). If a trial court permits an interlocutory appeal under Section 51.014(d), it should issue an order that rules on a substantive issue of law and that clearly states the controlling question of law for which permission to appeal is granted. TEX. R. CIV. PROC. 168; *see also In re Estate of Fisher*, 421 S.W.3d at 684-85. The trial court's order should certify that the other statutory requirements are met, including whether an immediate appeal may materially advance the ultimate resolution of the case. TEX. R. CIV. PROC. 168; *see also Gulley*, 350 S.W.3d at 206. Mr. Draper has not received an order from the trial court granting permission to file a permissive interlocutory appeal and certifying the controlling question of law for which permission to appeal is granted. Thus, this appeal is not properly before the Court.

12.     Further, Mr. Draper's appeal is not seeking the resolution of "a "controlling question of law" which "may materially advance the ultimate termination of the litigation" for which "substantial grounds for difference of opinion" exists. Mr. Draper's appeal asks the Court to become a fact finder and apply the facts of his case to the controlling law. *See* Appellant's Brief, pp. 9-11.

13.     Since there is not a final and appealable order, this appeal must be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

# III.
## ALTERNATIVELY,
## REQUEST FOR AN EXTENSION OF TIME

14.    In the alternative, should the Court decide to retain Mr. Draper's appeal, the City respectfully asks the Court for a 30-day extension of time to file the Brief of Appellee which is currently due on January 5, 2016. Appellee seeks a 30-day extension to February 4, 2016.  Mr. Draper has stated that he does oppose this motion.

15.    The City has not previously requested an extension of time to file a brief in this case.

16.    The City would show that an extension of time is necessary because counsel's case load and work requirements have been extremely heavy since the filing of the Clerk's record on December 2, 2015. Further, counsel has had vacation plans for the holidays scheduled since prior to Mr. Draper filing his appeal. Accordingly, the City's counsel requires additional time to prepare Appellee's Brief and therefore requests a 30-day extension.

17.    If the City's request is granted the deadline for filing its' brief will be moved from January 5, 2016, to February 4, 2016.

18.    This request is not made for the purpose of delay, but so that justice may be done, and the issues adequately and fully briefed for this Court.

# IV.
# PRAYER

WHEREFORE, Appellees-Defendants, respectfully request the Court dismiss this case for want of jurisdiction, or, in the alternative, grant an extension of time to file its brief until February 4, 2016.

RESPECTFULLY SUBMITTED,
ANNE L. MORGAN, CITY ATTORNEY
MEGHAN L. RILEY, CHIEF, LITIGATION

/s/ Andralee Cain Lloyd_____
ANDRALEE CAIN LLOYD
State Bar No. 24071577
Andralee.Lloyd@austintexas.gov
City of Austin – Law Department
P. O. Box 1088
Austin, Texas 78767-1088
Telephone: (512) 974-2918
Facsimile: (512) 974-1311

COUNSEL FOR DEFENDANT - APPELLEE

## CERTIFICATE OF CONFERENCE

I certify that on Wednesday the 23rd day of December 2015, I spoke with Charles Draper, Appellant – *Pro Se*, regarding this motion. Mr. Draper stated that he does oppose this motion.

 /s/    Andralee Lloyd
ANDRALEE LLOYD

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing instrument has been served via **First Class Mail** and **CMRRR 91 7199 9991 7036 2336 6521**, on this the 23rd day of December, 2015, to the following:

Charles N. Draper
160 Maeves Way
Austin, Texas 78737
(512) 699-2199
cd@tejasland.com

    /s/    Andralee Lloyd
ANDRALEE LLOYD

# EXHIBIT A

CAUSE NO. D-1-GN-13-000778

| | | |
|---|---|---|
| CHARLES N. DRAPER,<br>Plaintiff *Pro Se*, | § § § | IN THE DISTRICT COURT |
| v. | § § § | |
| GREG GUERNSEY,<br>IN HIS CAPACITY AS DIRECTOR OF<br>PLANNING AND DEVELOPMENT<br>WATERSHED PROTECTION<br>REVIEW DEPARTMENT,<br>AND CITY OF AUSTIN,<br>Defendants. | § § § § § § § § | TRAVIS COUNTY, TEXAS<br><br><br><br><br>419th JUDICIAL DISTRICT |

## ORDER DENYING PLAINTIFF'S NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

On November 10, 2015, came to be heard Plaintiff's No-Evidence Motion for Summary Judgment, Defendants' Response and Defendants' Motion to Strike Plaintiff's Summary Judgment Evidence. The Court, after reviewing the pleadings and hearing the argument of counsel makes the following rulings:

IT IS ORDERED, ADJUDGED AND DECREED that Defendants' Motion to Strike Plaintiff's Summary Judgment Evidence on the basis of impermissible hearsay is GRANTED and Plaintiff's Exhibits 1-13 are stricken and disregarded as summary judgment evidence.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff's No-Evidence Motion for Summary Judgment (construed by the Court as Plaintiff's Traditional Motion for Summary Judgment) is DENIED.

SIGNED this ___12___ day of November, 2015.

_Charles Ramsey_
Honorable Judge Presiding