# Court of Appeals
## Tenth Appellate District of Texas

10-24-00361-CV

In the Estate of Bennie Hansson

On Permissive Appeal from the
County Court at Law of Coryell County, Texas
Judge John R. Lee, presiding
Trial Court Cause No. 23-10928

JUSTICE HARRIS delivered the opinion of the Court.

## OPINION ON PERMISSIVE APPEAL

Appellant Lucille Ann Hansson Zahray filed a Petition for Permissive Appeal to challenge the trial court's order granting Appellee Shawn Hansson's Motion for Partial Summary Judgment. We deny the petition and dismiss the appeal for lack of jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE §51.04(d)–(h).

### Factual and Procedural Background

Bill and Bennie Hansson were married and had two children, Lucille Ann Hansson Zahray and Shawn Hansson. On December 31, 1964, Bill and Bennie executed a joint will contained in a single document. The 1964 Will provided as follows:

## SECOND

On the death of the first of us to die, we hereby give, will and bequeath to the survivor of us, all of our property, real, personal or mixed, community or separate, in fee simple and without limitation in any manner.

. . .

## FOURTH

On the death of the survivor of us, we hereby give, will and bequeath all of our property to our two children, Lucille Ann Hansson and Shawn Hilding Hansson, share and share alike.

After Bill died in 1987, Bennie probated the 1964 Will. In 2022, Bennie executed a new will that removed Shawn as a beneficiary and left most of her estate to Lucille. Bennie died on October 18, 2023, and Lucille filed an application to probate Bennie's 2022 Will.

Shawn filed a Will Contest, Declaratory Judgment, and Jury Demand in response to Lucille's application to probate the 2022 Will. He then filed a Partial Motion for Summary Judgment in which he asked the trial court to (1) declare that the 1964 Will was a contractual will, binding Bennie to the agreement in that he and Lucille share and share alike all of Bennie's property, (2) impose a constructive trust for his benefit for one-half of the property owned by Bennie at the time of her death, and (3) admit the 2022 Will to probate and appoint Lucille as the independent executor.[1] Lucille filed a response to

_____

[1] Shawn argues that a contractual will can be revoked by a subsequent will to the extent the subsequent will does not contradict the terms of the contract citing as authority *In re Estate of Osborne*, 111 S.W.3d

Shawn's motion in which she countered that the 1964 Will is not contractual and that the imposition of a constructive trust is not proper.

The trial court granted Shawn's Motion for Partial Summary Judgment and declared that the 1964 Will was contractual and binding on Bennie. The trial court ordered that Shawn is entitled to one-half of Bennie's estate as set out in the 1964 Will and imposed a constructive trust on the estate in Shawn's favor for one-half of the total estate at the time of Bennie's death. Lucille filed a motion to amend the trial court's order granting Shawn's Motion for Partial Summary Judgment and for leave to file a permissive appeal. After a hearing, the trial court granted Lucille's motion and entered an amended order allowing her to seek a permissive appeal of its order on Shawn's Motion for Partial Summary Judgment. Lucille then filed her Petition for Permissive Appeal requesting that this Court grant her petition and set this case for briefing, argument, and decision.

## Discussion

Permissive appeals are allowed under limited circumstances. A trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:

---

218, 223 (Tex. App.—Texarkana 2003, pet. dism'd). If the later will seeks to circumvent the terms of the contractual will, the proper remedy is to impose a constructive trust on the estate in order to enforce the contract. *Id*.

(1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

TEX. CIV. PRAC & REM. CODE § 51.014(d). An appellate court's decision to accept or deny a properly certified permissive appeal is discretionary. *See Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 731–32 (Tex. 2019); *see also* TEX. CIV. PRAC. & REM. CODE § 51.014(f) (providing that court of appeals "*may* accept an appeal permitted by [Section 51.014(d)]" if appealing party files petition showing why immediate appeal is warranted) (emphasis added). A plurality of the Texas Supreme Court held that intermediate appellate courts have discretion to reject a permissive appeal "even when the requirements [of Section 51.014(d)] are met." *Indus. Specialists, LLC v. Blanchard Refin. Co. LLC*, 652 S.W.3d 11, 21 (Tex. 2022) (plurality op.).

If the trial court grants permission to appeal, then it must state its permission in an order that "must identify the controlling question of law as to which there is a substantial ground for difference of opinion and must state why an immediate appeal may materially advance the ultimate termination of the litigation." TEX. R. CIV. P. 168; TEX. CIV. PRAC. & REM. CODE § 51.014(d). In compliance with that requirement, the trial court's order stated that the

"controlling legal question . . . as to which there is a substantial basis for difference of opinion, is whether the 1964 Will has a certain, definite legal meaning qualifying as a 'contractual will' binding upon Bennie Hansson." The order further stated that an immediate appeal of the order would "materially advance the termination of litigation because the resolution of this controlling issue will dramatically affect the outcome and recovery in this lawsuit."

In her Petition for Permissive Appeal, Lucille first argues that whether the 1964 Will is contractual is a controlling question of law, and Shawn does not contest that argument. Shawn contends, however, that Lucille cannot satisfy the requirement to show that there is a substantial ground for difference of opinion. Lucille suggests that the substantial ground for a difference of opinion requirement is satisfied when a trial court rules on an issue "that is pivotal in a case about which there is legitimate disagreement" citing *State v. Ledec, Inc.*, 366 S.W.3d 305, 309 (Tex. App.—Fort Worth 2012, no pet.). *Ledec* involved an agreed interlocutory appeal from the trial court's denial of the Appellants' Motion for Partial Summary Judgment challenging the Appellee's expert's formulation of damages. *Id.* at 306. The court stated that the proper measure of damages is a question of law and an appropriate matter for summary judgment. *Id.* at 309. The court then determined that the issue could be addressed in an agreed interlocutory appeal if it is controlling

and there is a substantial ground for difference of opinion. *Id.* The court did not hold the substantial ground for a difference of opinion requirement is satisfied when a trial court rules on an issue that is pivotal in a case about which there is legitimate disagreement but rather included that language in a parenthetical following the cite to *Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 207–08 (Tex. App.—San Antonio 2011, no pet). *See id.*

In *Gulf Coast Asphalt Co. v. Lloyd*, the Court explained that "[s]ubstantial grounds for disagreement exist when the question presented to the court is novel or difficult, when controlling law is doubtful, when controlling circuit law is in disagreement with other courts of appeals, and when there simply is little authority upon which the [trial court] can rely." 457 S.W.3d 539, 545 (Tex. App.—Houston [14th Dist. 2015, no pet.) (quoting Renee Forinash McElhaney, *Toward Permissive Appeal in Texas*, 29 ST. MARY'S L.J. 729, 749 (1998)). Our sister courts have followed the standard set out in *Gulf Coast Asphalt* to determine whether substantial grounds for disagreement exists. *See JAJ Equipment, Inc. v. Ramos*, No. 04-21-00459-CV, 2021 WL 6127925 at *2 (Tex. App.—San Antonio Dec. 29, 2021, no pet.) (mem. op); *Ace American Insurance Co. v. Guerra*, No. 13-16-00628-CV, 2017 WL 929485 at *1 (Tex. App.—Corpus Christi–Edinburgh Mar. 9, 2017, no pet.) (mem. op); *ADT Sec. Servs., Inc. v. Van Peterson Fine Jewelers*, No. 05-15-00646-CV, 2015

WL 4554519, at *2 (Tex. App.—Dallas July 29, 2015, no pet.) (mem. op). Like our sister courts, we will use the standard set out in *Gulf Coast Asphalt* to determine whether substantial grounds for disagreement exist. *See* 457 S.W.3d at 545.

Lucille maintains that determining whether a will is contractual is an ongoing source of dispute. Texas courts utilize a two-prong test to determine whether a joint will is contractual:

> (1) The gift to the survivor is not absolute and unconditional, even though it may initially appear to be so.

> (2) The balance remaining from the estate of the first to die and the estate of the last to die is treated as a single estate and jointly disposed of by both testators in the secondary dispositive provisions of the will.

*In re Estate of McFatter*, 94 S.W.3d 729, 733 (Tex. App.—San Antonio 2002, no pet.); *Reynolds v. Estate of Benefield*, 995 S.W.2d 885, 888 (Tex. App.—El Paso 1999, pet. denied); *In re Estate of Johnson,* 781 S.W.2d 390, 393 (Tex. App.— Houston [1st Dist.] 1989, writ denied*); Jackson v. Stutt*, 737 S.W.2d 597, 599 (Tex. App.—Fort Worth 1987, writ denied); *Fisher v. Capp,* 597 S.W.2d 393, 398 (Tex. Civ. App.—Amarillo 1980, writ ref'd n.r.e.). We disagree that determining whether a will is contractual is an ongoing dispute. There is no disagreement about the test to determine whether a will is contractual and there is substantial authority upon which the trial court can rely. *See Gulf*

*Coast Asphalt*, 457 S.W.3d at 545. Therefore, whether the 1964 Will is contractual does not present an issue with a substantial ground for disagreement.

Moreover, in *In re Estate of Fisher*, the Court considered a petition for permissive appeal after the trial court granted a partial no-evidence summary judgment. 421 S.W.3d 682, 683 (Tex. App.—Texarkana 2014, no pet). The Court explained that "Subsection (d) was added to Section 51.014 to promote judicial efficiency. *Id.* at 685. Probate proceedings are an exception to the "one final judgment" rule; in such cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Id.* (*citing Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001)). In the absence of a specific statute providing for the appeal of a probate matter, an order may be appealed if it disposes of all issues in a phase of the probate proceeding. *In re Estate of Fisher,* 421 S.W.3d at 685. The Court stated that judicial economy will not be served if permissive appeal is allowed at this stage, since an unhappy party is free to appeal the order which would be expected to result soon from the court's summary judgment ruling—an order admitting the will to probate and issuing letters testamentary. *Id.* at 686. We agree with the Court's reasoning that judicial economy will not be served by granting a permissive appeal at this stage.

## Conclusion

After reviewing the petition and the record before us, we conclude that Lucille has not met her burden to show eligibility for permissive appeal. Therefore, we deny the petition and dismiss this appeal for lack of jurisdiction.

————————————————————
LEE HARRIS
Justice

OPINION DELIVERED and FILED: February 27, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Petition denied
[OT06]

