

**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-13-00077-CV**

**ADAM M. BOROWSKI, M.D.,**
**BRIAN BULL, M.D. AND**
**HILLCREST FAMILY HEALTH CENTER,**

                                                      **Appellants**

 **v.**

**KAREN AYERS, INDIVIDUALLY AND**
**AS REPRESENTATIVE OF THE ESTATE**
**OF DARYL LYNN AYERS, DECEASED,**
**AND ETHAN AYERS,**

                                                      **Appellees**

_____

**From the 414th District Court**
**McLennan County, Texas**
**Trial Court No. 2012-3325-5**

_____

# O P I N I O N

_____

On September 4, 2012, Appellees Karen Ayers, individually and as representative of the estate of Daryl Lynn Ayers, deceased, and Ethan Ayers filed a healthcare liability suit against Appellants Adam M. Borowski, M.D., Brian Bull, M.D., Hillcrest Family Health Center, and several other defendants. The Ayerses claimed that Daryl died

because Dr. Borowski, Dr. Bull, Hillcrest, and the other defendants failed to recognize and treat an aortic dissection between July 24 and July 26, 2010.

Dr. Borowski filed a traditional motion for summary judgment, contending that the Ayerses' claims are barred by the statute of limitations. Dr. Borowski argued as follows: On June 7, 2012, before filing suit, the Ayerses sent a letter entitled "<u>NOTICE OF CLAIM</u>" to Dr. Bull and several of the other defendants along with an "AUTHORIZATION FORM FOR RELEASE OF PROTECTED HEALTH INFORMATION." The authorization stated in relevant part:

> B.      The health information to be obtained, used, or disclosed extends to and includes the verbal as well as the written and is specifically described as follows:
>
> …
>
> 2.      The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated DARYL LYNN AYERS during a period commencing five years prior to the incident made the basis of the accompanying Notice of Health Care Claim.
>
> > ALL      HEATH      [sic]      CARE      PROVIDERS      PROVIDING CARE/TREATMENT TO DARYL LYNN AYERS.

The authorization did not list the name and current address of any physicians who had treated Daryl during the five years before the alleged incident, thus, according to Dr. Borowski, rendering the authorization meaningless and failing to comply with the requirements of Civil Practice and Remedies Code section 74.052. Dr. Borowski contended that, because the authorization failed to comply with the statute, the Ayerses did not provide the proper statutory presuit notice to any of the defendants as required

by Civil Practice and Remedies Code section 74.051. Dr. Borowski asserted that the Ayerses were therefore not entitled to the 75-day tolling benefit of the notice and that the Ayerses' claims, which were not brought until approximately 42 days after the two-year limitations period expired, were thus barred by the statute of limitations. Dr. Bull and Hillcrest subsequently filed a traditional motion for summary judgment, asserting substantially the same argument.

The Ayerses' summary-judgment response asserted that this case is not analogous to the Texas Supreme Court's decision in *Carreras v. Marroquin*, 339 S.W.3d 68, 74 (Tex. 2011), in which the court held that notice provided without *any* authorization form is insufficient to toll limitations. The Ayerses argued that although improperly completed, their notice was in fact accompanied by an authorization that otherwise exactly mirrored the language of section 74.052. The Ayerses further claimed that they were entitled to the 75-day tolling benefit of the notice because: (1) the authorization tracked verbatim the language prescribed by section 74.052; the blanks in the form were simply completed incorrectly; (2) the Ayerses served their notice and authorization directly on the health-care providers, not their attorneys or insurance carriers; and (3) the authorization actually permitted several of the defendants to obtain protected health information from other health care providers and, therefore, the authorization, although technically deficient, fulfilled the Legislature's goals in enacting the statute. The Ayerses additionally argued that Dr. Bull's and Hillcrest's counsel sent to the Ayerses' counsel a letter that acknowledged using the Ayerses' authorization to obtain Daryl's records from providers outside of the Hillcrest system and that Dr. Bull

and Hillcrest should therefore be estopped from asserting that they were somehow prejudiced by the Ayerses' authorization or that the Legislature's goals were thwarted. The Ayerses further noted that notice to one defendant is sufficient to toll the statute of limitations as to all the defendants.

The trial court generally denied Dr. Borowski's, Dr. Bull's, and Hillcrest's motions for summary judgment. Subsequently, Dr. Borowski filed a motion to amend the order denying summary judgment and for interlocutory appeal. The trial court signed an amended order again denying Dr. Borowski's, Dr. Bull's, and Hillcrest's motions for summary judgment without explanation but stated in the order that it was (1) finding that the order denying Dr. Borowski's, Dr. Bull's, and Hillcrest's motions for summary judgment involves a controlling issue of law as to which there is a substantial ground for difference of opinion; (2) finding that an immediate appeal from the order may materially advance the ultimate termination of this litigation; and (3) permitting Dr. Borowski, Dr. Bull, and Hillcrest to pursue an interlocutory appeal of the order denying their motions for summary judgment under Civil Practice and Remedies Code section 51.014(d). The trial court set out the following controlling question of law:

> whether Plaintiffs' failure to list the names and addresses of the Decedent's health care providers for the five years prior to the Defendants' alleged negligence complied with the requirements specified by Tex. Civ. Prac. & Rem. Code § 74.052 (concerning the authorization for the release of medical records which is required to accompany Plaintiffs' Tex. Civ. Prac. & Rem. Code § 74.051 notice of health care claim) and whether that failure … prevents the Plaintiffs from relying on the limitations tolling provision in Tex. Civ. Prac. & Rem. Code § 74.051(c).

We granted Dr. Borowski's, Dr. Bull's, and Hillcrest's joint petition to appeal this

interlocutory order.

We must first address the Ayerses' motion to dismiss this appeal for want of jurisdiction. The Ayerses contend that section 51.014(d) only confers jurisdiction on the appellate court if the trial court squarely ruled on the controlling issue of law and that the trial court's mere denial of the motions for summary judgment in this case without stating the basis for that denial was not a ruling on the controlling issue of law. The Ayerses thus argue that any ruling from this Court would be an impermissible advisory opinion.

An appeal may be taken only from a final judgment, unless a statute specially authorizes an interlocutory appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Furthermore, we strictly construe statutes authorizing interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). An order denying a summary judgment motion is therefore generally not appealable because it is an interlocutory order and not a final judgment. *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994). Section 51.014(d) provides, however:

> On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:
>
> (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and
>
> (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West Supp. 2013). The legislature's

institution of this procedure authorizing a trial court to permit an immediate appeal of an interlocutory order is nevertheless premised on the trial court having first made a substantive ruling on the controlling legal issue being appealed. *See Bank of N.Y. Mellon v. Guzman*, 390 S.W.3d 593, 597-98 (Tex. App.—Dallas 2012, no pet.); *Colonial County Mut. Ins. Co. v. Amaya*, 372 S.W.3d 308, 310-11 (Tex. App.—Dallas 2012, no pet.); *Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 207-08 (Tex. App.—San Antonio 2011, no pet.); *see also Corp. of President of Church of Jesus Christ of Latter-Day Saints v. Doe*, No. 13-13-00463-CV, 2013 WL 5593441, at *2 (Tex. App.—Corpus Christi Oct. 10, 2013, no pet. h.) (mem. op.). In other words, the interlocutory order cannot "involve[] a controlling question of law" until the trial court has made a substantive ruling on the controlling legal issue in the order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); *see also Corp. of President of Church of Jesus Christ of Latter-Day Saints*, 2013 WL 5593441, at *2.

In this case, the trial court did not substantively rule on the controlling legal issue presented in this permissive appeal. Therefore, the order to be appealed does not involve a controlling question of law, and section 51.014(d) does not authorize an interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d).

As stated above, in its amended order, the trial court denied Dr. Borowski's, Dr. Bull's, and Hillcrest's motions for summary judgment without explanation. The trial court then set out in the amended order the following "controlling question of law as to which there is a substantial ground for difference of opinion":

> whether Plaintiffs' failure to list the names and addresses of the Decedent's health care providers for the five years prior to the Defendants' alleged negligence complied with the requirements specified

by Tex. Civ. Prac. & Rem. Code § 74.052 (concerning the authorization for the release of medical records which is required to accompany Plaintiffs' Tex. Civ. Prac. & Rem. Code § 74.051 notice of health care claim) and whether that failure … prevents the Plaintiffs from relying on the limitations tolling provision in Tex. Civ. Prac. & Rem. Code § 74.051(c).

This "controlling question" is really two "questions," and based on these "questions," the trial court could have denied Dr. Borowski's, Dr. Bull's, and Hillcrest's motions for summary judgment for either of the following reasons: (1) although the Ayerses failed to list the names and addresses of Daryl's healthcare providers for the five years before Dr. Borowski's, Dr. Bull's, and Hillcrest's alleged negligence, the Ayerses nevertheless complied with the requirements specified by section 74.052; or (2) the Ayerses' failure to list the names and addresses of Daryl's healthcare providers for the five years before Dr. Borowski's, Dr. Bull's, and Hillcrest's alleged negligence did not comply with the requirements specified by section 74.052, yet that failure did not prevent the Ayerses from relying on the limitations tolling provision in section 74.051(c). Moreover, if the trial court denied Dr. Borowski's, Dr. Bull's, and Hillcrest's motions for summary judgment for the second reason, it could have concluded that the Ayerses raised a genuine issue of material fact in support of their estoppel argument. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(c) (West 2011); *Diamond Prods. Int'l, Inc. v. Handsel*, 142 S.W.3d 491, 494 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("The statute does not contemplate permissive appeals of summary judgments where the facts are in dispute.").

For these reasons, we grant the Ayerses' motion to dismiss and dismiss this appeal for want of jurisdiction. *See Bank of N.Y. Mellon*, 390 S.W.3d at 598 (dismissing

for want of jurisdiction) (citing *Amaya*, 372 S.W.3d at 311).


                                        REX D. DAVIS
                                        Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal dismissed; motion granted
Opinion delivered and filed December 5, 2013
[CV06]