**Opinion issued June 24, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00372-CV

———————————

**GREAT AMERICAN E&S INSURANCE COMPANY, Appellant**

**V.**

**LAPOLLA INDUSTRIES, INC., Appellee**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-41127**

---

## MEMORANDUM OPINION

Appellant, Great American E&S Insurance Company, has filed a petition seeking permission to appeal an interlocutory order denying its motion for summary judgment. *See* TEX. R. APP. P. 28.3(a); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West Supp. 2013). Appellee, Lapolla Industries, Inc., has

filed a motion to dismiss appellant's petition for lack of jurisdiction. We grant the motion to dismiss.

In its petition, appellant asserts that this case involves the interpretation of an insurance policy appellant issued to appellee. Appellant filed the underlying lawsuit seeking a declaratory judgment that it has no duty to defend or indemnify appellee under the policy. On October 1, 2013, appellant filed a motion for summary judgment.

On January 9, 2014, the trial court denied appellant's motion, without explanation. Subsequently, appellant moved for permission to appeal the interlocutory summary judgment order pursuant to section 51.014(d) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (allowing appeal of otherwise not appealable order under certain circumstances). The trial court signed an amended order on April 23, 2014. This amended order again denied appellant's motion without providing a basis for the trial court's ruling, but granted permission for appellant to file an interlocutory appeal. The order also noted the following controlling question of law:

> Did Great American E&S Insurance Company have a duty to defend Lapolla Industries, Inc. in the matter styled *Robert and Cynthia Gibson v. Lapolla Industries, Inc. and Air Tight Insulation of Mid-Florida, LLC*, Case No.: 6:13-cv-646? Or, did the Great American Policy's "Total Pollution Exclusion" exclude coverage for Lapolla based on Plaintiffs' factual allegations in the *Gibson* lawsuit?

2

Appellant timely filed its petition for permissive appeal in this Court. *See* TEX. R. APP. P. 28.3(c).

Appellee has now filed a motion to dismiss the appeal for want of jurisdiction. Appellee contends that the Court is without jurisdiction to consider appellant's appeal because the trial court did not rule on the controlling issue of law, and the trial court's denial of appellant's motion for summary judgment, without explanation, does not constitute such a ruling on the controlling issue of law as required by section 51.014(d) of the Texas Civil Practice and Remedies Code. Thus, appellee argues that any ruling from this Court would be an impermissible advisory opinion. We agree.

An appeal may be taken only from a final summary judgment, unless a statute specifically authorizes an interlocutory appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). This Court strictly construes statutes authorizing interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *see also City of Hous. v. Estate of Jones*, 388 S.W.3d 663, 666 (Tex. 2012) (per curiam) ("[W]e also 'strictly construe Section 51.014[] as a narrow exception to the general rule that only final judgments are appealable.'" (quoting *Tex. A & M Univ. Sys. v. Koseoglu*, 223 S.W.3d 835, 841 (Tex. 2007))).

An order denying a motion for summary judgment is generally not appealable because it is an interlocutory order and not a final judgment. *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994) (per curiam). However, section 51.014(d) of the Texas Civil Practice and Remedies Code provides:

> On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:
>
> (1)      the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and
>
> (2)      an immediate appeal from the order may materially advance the ultimate termination of the litigation.

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d).[1]

Notably though, "[t]he legislature's institution of this procedure authorizing a trial court to permit an immediate appeal of an interlocutory order is nevertheless premised on the trial court having ***first*** made a substantive ruling on the controlling legal issue being appealed." *Borowski v. Ayers*, No. 10-13-00077-CV, 2013 WL 6388336, at *3 (Tex. App.—Waco Dec. 5, 2013, no pet.) (emphasis added); *see also McCroskey v. Happy State Bank*, No. 07-14-00027-CV, 2014 WL 869577, at

---

[1]    Unless the statutory requirements found in section 51.014(d) of the Texas Civil Practice and Remedies Code are met, this Court is without jurisdiction over the permissive appeal. *See Double Diamond Del., Inc. v. Walkinshaw*, No. 05-13-00893-CV, 2013 WL 5538814, at *2 (Tex. App.—Dallas Oct. 7, 2013, no pet.) (mem. op.); *State Fair of Tex. v. Iron Mountain Info. Mgmt., Inc.*, 299 S.W.3d 261, 262 (Tex. App.—Dallas 2009, no pet.).

4

*1 (Tex. App.—Amarillo Feb. 28, 2014, no pet.) (mem. op.) (the record must show "that the trial court ruled on the specific legal issues presented for [appellate court] to decide"); *Corp. of the President of the Church of Jesus Christ of Latter-Day Saints v. Doe*, No. 13-13-00463-CV, 2013 WL 5593441, at *2 (Tex. App.—Corpus Christi Oct. 10, 2013, no pet.) (mem. op.) ("Without a substantive ruling by the trial court as to why it denied the Church's motion, no controlling question of law has been presented for our analysis."); *Double Diamond Del., Inc. v. Walkinshaw*, No. 05-13-00893-CV, 2013 WL 5538814, at *2 (Tex. App.—Dallas Oct. 7, 2013, no pet.) (mem. op.) ("Inherent in these jurisdictional requirements is that the trial court make a substantive ruling on the specific legal question presented on appeal."); *Bank of N.Y. Mellon v. Guzman*, 390 S.W.3d 593, 597–98 (Tex. App.—Dallas 2012, no pet.) (there must be something in record showing trial court made substantive ruling on any legal issues court of appeals is being asked to decide); *Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 207 (Tex. App.—San Antonio 2011, no pet.) (trial court must first make substantive ruling on controlling legal issue being appealed).  "In other words, the interlocutory order cannot 'involve[] a controlling question of law' [as required by section 51.014(d)] until the trial court has made a substantive ruling on the controlling legal issue in the order."  *Borowski*, 2013 WL 6388336, at *3 (first alteration in original); *see also Corp. of the President*, 2013 WL 5593441, at *2.

5

In this case, the trial court did not substantively rule on the controlling legal issue presented in this permissive appeal. As stated above, in its amended order, the trial court denied appellant's motion for summary judgment without explanation. When a trial court in its order on a motion for summary judgment provides no basis for its denial, the trial court fails to make substantive ruling on the controlling question of law sought to be appealed.[2] Here, because the trial court did not make a substantive ruling on the controlling legal issue, the order appellant is attempting to appeal does not involve a controlling question of law, and section 51.014(d) does not authorize an interlocutory appeal in this case. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); *see also McCroskey*, 2014 WL 869577, at \*1–2 (finding court was without jurisdiction because trial court denied summary judgment and order did not show that trial court expressly ruled on substance of controlling questions of law); *Borowski*, 2013 WL 6388336, at \*3 (trial court denied motion for summary judgment without explanation; thus, trial court did not substantively rule on controlling legal issue presented and order to be appealed did not involve controlling question of law); *Corp. of the President*, 2013

---

[2]    It does not matter that the trial court's orders attempts to identify the controlling legal issue if the order does not show that the trial court made a substantive ruling on that controlling question of law. *See Corp. of the President of the Church of Jesus Christ of Latter-Day Saints v. Doe*, No. 13-13-00463-CV, 2013 WL 5593441, at \*2 (Tex. App.—Corpus Christi Oct. 10, 2013, no pet.) (mem. op.); *Borowski v. Ayers*, No. 10-13-00077-CV, 2013 WL 6388336, at \*3 (Tex. App.—Waco Dec. 5, 2013, no pet.).

WL 5593441, at *2 (finding case did not present controlling question of law when trial court's order did not provide a basis for denial of appellant's motion for summary judgment); *Double Diamond*, 2013 WL 5538814, at *2 ("The appealed order is silent as to the basis for the trial court[']s order, and nothing in the record shows the trial court made a substantive ruling on any of the legal issues presented to us"; thus, appeal does not meet requirements of section 51.014(d)).

Accordingly, we conclude that the Court has no jurisdiction over this appeal. We grant appellee's motion to dismiss and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *see also McCroskey*, 2014 WL 869577, at *2 (dismissing for want of jurisdiction); *Borowski*, 2013 WL 6388336, at *4 (same); *Double Diamond*, 2013 WL 5538814, at *2 (same). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Keyes, Sharp, and Huddle.

7