

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00228-CV

**STEWART TITLE GUARANTY COMPANY**,
Appellant

v.

**VANTAGE BANK TEXAS**, Successor by Merger to D'Hanis State Bank, and Banprop, L.L.C.,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-14899
Honorable Laura Salinas, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
           Karen Angelini, Justice
           Jason Pulliam, Justice

Delivered and Filed:  May 6, 2015

MOTION DENIED

Appellant, Stewart Title Guaranty Company ("Stewart Title") filed a timely petition for permission to appeal an interlocutory order granting appellees' ("Vantage Bank") second motion for partial summary judgment and denying its own second motion for summary judgment and no evidence motion for summary judgment. *See* TEX. R. APP. P. 28.3(a); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West 2015). Vantage Bank does not oppose the petition.

In its petition, Stewart Title asserts this case involves interpretation of a loan policy of title insurance. Vantage Bank filed the underlying suit complaining it suffered losses covered by the

title policy, but denied by Stewart Title based upon lack of coverage. On March 31, 2015, the trial court rendered an order granting Vantage Bank's second motion for partial summary judgment and denying Stewart Title's second traditional motion for summary judgment and no evidence motion for summary judgment. The trial court did not assert a specific basis for this ruling, stating only,

> the issue of coverage is determined in Plaintiffs' favor as a matter of law such that the Loan Policy of Title Insurance issued by Defendant Stewart Title Guaranty Company … affords coverage for Plaintiffs' losses sustained or incurred by reason of (1) the violation or enforcement of a law, ordinance, or governmental regulation restricting, regulating, prohibiting, or relating to the covered property, or (2) an enforcement action based on the exercise of a governmental police power.

On that same date, Stewart Title moved for permission to appeal the interlocutory summary judgment order pursuant to Section 51.014(d) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). In the same order, the trial court granted Stewart Title's motion to permit interlocutory appeal, stating, "the issue of whether the City's 'February Notice' was 'recorded in the Public Records' as the term 'Public Records' is defined in the policy is a controlling question of law as to which there is a substantial ground for difference of opinion, and that an immediate appeal would materially advance the ultimate termination of the litigation." In its petition for permission to appeal the trial court's order, Stewart Title identifies the "controlling question of law" as the same asserted by the trial court and identifies this question as "one of the pivotal issues that determines coverage."

An appeal may be taken only from a final summary judgment, unless a statute specifically authorizes an interlocutory appeal. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). This court strictly construes statutes authorizing interlocutory appeals because they are a narrow exception to the general rule that interlocutory orders are not immediately appealable. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *See Bank of N.Y. Mellon v. Guzman*, 390

S.W.3d 593, 596 (Tex. App.—Dallas 2012, no pet.). Section 51.014(d) of the Texas Civil Practice and Remedies Code provides such a narrow exception to the general rule, allowing interlocutory appeal:

> [o]n a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:
> (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and
> (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d).

"The legislature's institution of this procedure [Section 51.014(d)] authorizing a trial court to permit an immediate appeal of an interlocutory order is nevertheless premised on the trial court having first made a substantive ruling on the controlling legal issue being appealed." *Borowski v. Ayers*, 2013 WL 6388336, at *3 (Tex. App.—Waco Dec. 5, 2013, no pet.); *see also Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 207 (Tex. App.—San Antonio 2011, no pet.). Thus, no controlling question of law is presented for an appellate court's analysis, as required by Section 51.014, unless the record reflects the trial court's determination of the specific legal issue presented for the appellate court to decide. *McCroskey v. Happy State Bank*, 2014 WL 869577, at *1 (Tex. App.—Amarillo Feb. 28, 2014, no pet.) (mem. op.); *Corp. of the President of the Church of Jesus Christ of Latter–Day Saints v. Doe*, 2013 WL 5593441, at *2 (Tex. App.—Corpus Christi Oct. 10, 2013, no pet.) (mem. op.); *Double Diamond Del, Inc. v. Walkinshaw*, 2013 WL 5538814, at *2 (Tex. App.—Dallas Oct. 7, 2013, no pet.) (mem. op.) ("Inherent in these jurisdictional requirements is that the trial court make a substantive ruling on the specific legal question presented on appeal."); *Guzman*, 390 S.W.3d at 597–98 (holding there must be something in record showing the trial court made a substantive ruling on any legal issues the court of appeals is asked to decide).

In this case, the appealed order states the "controlling issue of law" and states the trial court's determination on the issue of coverage in favor of Vantage Bank. However, the order and the record is silent as to the specific basis for the trial court's ruling, and nothing in the record reflects the trial court's substantive ruling on the specific legal issue presented to this court for determination. Although the trial court generally ruled on the competing summary judgment motions, the record does not include these motions, nor can this court surmise the basis of the trial court's ruling. Because the trial court did not state the basis for its ruling on the competing motions for summary judgment, and because the record does not reflect the trial court's determination of the substantive legal issue presented to this court for determination, Stewart Title's petition does not meet the strict requirements of Section 51.014(d).

Without a substantive ruling by the trial court on the specific "controlling question of law" this court is asked to determine, this court must deny Stewart Title's petition for permission to appeal.

PER CURIAM