**Application Denied, Appeal Dismissed, and Memorandum Opinion filed December 22, 2015.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00874-CV
_____

### CHRISTINA DE LA TORRE, Appellant

### V.

### AAG PROPERTIES, INC., Appellee

---

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2014-05829**

---

## MEMORANDUM OPINION

Appellant Christina De La Torre petitions this court to accept a permissive interlocutory appeal of the September 29, 2015 order denying her motion for no-

evidence and traditional summary judgment in favor of appellee AAG Properties, Inc. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (West 2015).

AAG is a real estate investment company involved in the purchase, lease, and sale of real estate. De La Torre is a licensed real estate agent who was employed by AAG for two months without a written employment agreement. AAG sued De La Torre for disputed commissions after she was no longer working for AGG. De La Torre filed a no-evidence and traditional motion for summary judgment on AAG's claims against her.

The trial court signed an order denying De La Torre's motion for summary judgment on September 29, 2015, and an order granting De La Torre permission to appeal the interlocutory summary judgment order on October 8, 2015.

Appellate courts do not have jurisdiction over interlocutory appeals in the absence of a statutory provision permitting such an appeal. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *Hebert v. JJT Constr.*, 438 S.W.3d 139, 140 (Tex. App.— Houston [14th Dist.] 2014, no pet.). An order denying a summary judgment is generally not appealable because it is an interlocutory order, not a final judgment. *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994) (orig. proceeding) (per curiam). Section 51.04(d) provides for the interlocutory appeal of interlocutory orders under the following circumstances:

> (d) On a party's motion or on its own initiative, a trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable if:

2

(1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and

(2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d).

In its order permitting an appeal from an interlocutory order under section 51.014, a trial court must (1) identify the controlling question of law as to which there is a substantial ground for difference of opinion; and (2) state why an immediate appeal may materially advance the ultimate termination of the litigation. Tex. R. Civ. P. 168; *Gulf Coast Asphalt Co. v. Lloyd*, 457 S.W.3d 539, 543−44 (Tex. App.—Houston [14th Dist.] 2015, no pet.). When the trial court has permitted an appeal from an interlocutory order that would not otherwise be appealable, the party seeking to appeal must petition the court of appeals for permission to appeal. Tex. R. App. P. 28.3(a).

The trial court must first make a substantive ruling on the controlling legal issue being appealed. *Borowski v. Ayers*, 432 S.W.3d 344, 347 (Tex. App.—Waco 2013, no pet.); *Double Diamond Del., Inc. v. Walkinshaw*, No. 05-13-00893, 2013 WL 5538814, at *2 (Tex. App.—Dallas Oct. 7, 2013, no pet.) (mem. op.). "Section 51.014(d) is not intended to relieve the trial court of its role in deciding substantive issues of law properly presented to it." *Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 208 (Tex. App.—San Antonio 2011, no pet.).

The trial court's order permitting an interlocutory appeal of the denial of De La Torre's summary judgment motion sets forth the controlling questions of law to be decided and states the reasons that immediate appeal from the order will materially advance the ultimate termination of the litigation, but it does not state the reason for denying De La Torre's no-evidence and traditional motion for summary judgment. Therefore, the record does not show that the trial court ruled on the substantive controlling issues of law that it identified. Instead, the trial court submitted the issues for this court to decide, which is not a proper use of the permissive interlocutory appeal procedure. *See Bank N.Y. Mellon v. Guzman*, 390 S.W.3d 593, 597 (Tex. App.—Dallas 2012, no pet.). In the absence of a trial court ruling on the purported substantive controlling legal issues, De La Torre has not presented any legal issues for this court to decide.

Accordingly, we deny De La Torre's application for permissive interlocutory appeal and dismiss the appeal.


PER CURIAM


Panel consists of Justices Boyce, Busby, and Brown.