

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROBERT R. OCHOA, M.D., | § | No. 08-23-00051-CV |
| Appellant, | § | Appeal from the |
| v. | § | 346th Judicial District Court |
| ELVIRA AVILA, AS GUARDIAN OF THE PERSON AND AS NEXT FRIEND FOR LETICIA AVILA, | § | of El Paso County, Texas |
| | § | (TC# 2017-DCV-4524) |
| Appellee. | | |

**MEMORANDUM OPINION**

In this attempted appeal, Robert R. Ochoa, M.D. seeks to challenge the trial court's order denying his no-evidence motion for summary judgment in this medical-malpractice case. We dismiss the petition for permissive appeal for want of jurisdiction.

Section 51.014(d) of the Texas Civil Practice and Remedies Code permits an interlocutory appeal of an otherwise unappealable order, including denial of a summary-judgment motion, if several prerequisites are met. We must strictly construe section 51.014(d) because it is a narrow exception to the general rule that interlocutory orders are not immediately appealable. *Borowski v. Ayers*, 432 S.W.3d 344, 347 (Tex. App.—Waco 2013, no pet.) (citing *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011)).

In its statement granting permission to seek an interlocutory appeal under section 51.014(d), the trial court must expressly identify a controlling question of law on which there is substantial ground for disagreement. *El Paso Tool & Die Co., Inc. v. Mendez*, 593 S.W.3d 800, 805 (Tex. App.—El Paso 2019, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (trial court may permit an appeal from an order that is not otherwise appealable if it involves "a controlling question of law as to which there is a substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation"); TEX. R. CIV. P. 168 (trial court's order permitting interlocutory appeal must identify requirements stated in section 51.014(d) of the Texas Civil Practice and Remedies Code). The order must also explain why an immediate appeal may materially advance the ultimate resolution of the case. *El Paso Tool & Die*, 593 S.W.3d at 805 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d)).

Once the trial court has permitted the appeal from an otherwise unappealable interlocutory order, the party seeking permissive appeal has fifteen days to petition the court of appeals by "argu[ing] clearly and concisely why the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion and how an immediate appeal from the order may materially advance the ultimate termination of the litigation." TEX. R. APP. P. 28.3(c), (e)(4); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f) (appealing party must file petition for permissive review with appellate court "explaining why an appeal is warranted under Subsection (d)"). The controlling issue must be solely a question of law unconstrained by procedural or factual issues. *El Paso Tool & Die*, 593 S.W.3d at 805; *see also* *Diamond Prods. Int'l, Inc. v. Handsel*, 142 S.W.3d 491, 494 (Tex. App.—Houston [14th Dist.]

2004, no pet.) ("The statute does not contemplate permissive appeals of summary judgments where the facts are in dispute.").

Finally, the appellate court must agree to hear the appeal, which it has discretion to accept or deny. *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 732 (Tex. 2019). We exercise this discretion mindful of the legislative intent behind section 51.014(d): in favor of "early, efficient resolution of determinative legal issues[.]" *Id.* However, even if the two statutory requirements are satisfied, section 51.014 "grants courts vast—indeed, unfettered—discretion to accept or permit the appeal." *Indus. Specialists, LLC v. Blanchard Ref. Co. LLC*, 652 S.W.3d 11, 16 (Tex. 2022).

In this case, we conclude the trial court's order does not meet the second requirement of subsection (d)—that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d)(2). The relevant permissive appeal procedural rules require the trial court's order to "state *why* an immediate appeal may materially advance the ultimate termination of the litigation." TEX. R. CIV. P. 168 (emphasis added); *see also El Paso Tool & Die*, 593 S.W.3d at 805 (trial court's order must "explain *why* an immediate appeal may materially advance the ultimate resolution of the case" (emphasis added)). Though the trial court's order recites the statutory requirement—*i.e.*, "an immediate appeal from this Order may materially advance the ultimate termination of the litigation"—it does not explain why. Interpreting section 51.014(d) strictly, as we must, we conclude its second condition requires more from the trial court's order than is present before us.

Appellant also has not satisfied the requirements of subsection (f), specifically regarding why an immediate appeal of the trial court's ruling may materially advance the ultimate termination of this litigation. In their petition for permissive appeal, Appellants state an immediate

appeal from the trial court's ruling "will materially advance the ultimate termination of this litigation" because "this matter is dispositive of all claims against Dr. Ochoa." However, Appellant has not explained how our interlocutory review of the trial court's order—a determination that more than a scintilla of evidence of the existence of a physician-patient relationship between the Appellant and one of three defendants in a case first filed over five years ago—may materially advance the *ultimate* termination of this litigation. Appellant's petition is insufficient to meet what subsection (f) requires, and it does not demonstrate how our review of the trial court's decision at this point in the litigation would promote "early, efficient resolution of determinative legal issues" in this case. *Sabre Travel Int'l*, 567 S.W.3d at 732.

Because we "have no discretion to permit or accept an appeal when section 51.014(d)'s requirements are not satisfied," we dismiss the case for want of jurisdiction. *Indus. Specialists, LLC*, 652 S.W.3d at 26 (Busby, J., dissenting) (internal quotation marks omitted).


                                                    YVONNE T. RODRIGUEZ, Chief Justice

February 14, 2023

Before Rodriguez, C.J., Soto, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.) (Sitting by Assignment)