

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-23-00073-CV

_____

**JETX ENERGY, LLC,**

**Appellant**

 **v.**

**LONESTAR OPERATING, LLC; EAGLEFORD GAS 5, LLC; AND
LONESTAR RESOURCES US INC.,**

**Appellees**


_____


**From the 272nd District Court
Brazos County, Texas
Trial Court No. 20-000872-CV-272**

---

## MEMORANDUM  OPINION

---

Before the Court is Appellant JETX Energy's petition for a permissive appeal to

challenge the trial court's orders granting three motions for partial summary judgment.

We will deny the petition and dismiss the appeal.

Six days before the scheduled trial date, the trial court granted three motions for

partial summary judgment, each filed by one or more plaintiffs, seeking resolution of

certain questions of contract interpretation. After the three orders issued, JETX Energy

asked the trial court to amend each of the respective orders to include language allowing for permissive appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (setting forth requirements). The trial court did so, and JETX Energy filed timely notice with this Court. The plaintiffs oppose the petition.

Permissive appeals are allowed under limited circumstances. "A trial court in a civil action may, by written order, permit an appeal from an order that is not otherwise appealable" if "the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id*. While a court of appeals enjoys broad discretion in evaluating and disposing of petitions for permissive appeal, *see Sabre Travel Int'l Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 732 (Tex. 2019), the court must expressly advise the parties of the basic reasons for its decision, *see Valero Refin. Tex., LP v. Vela*, 647 S.W.3d 709, 710 (citing TEX. R. APP. P. 47.4). We will strictly construe any statute authorizing interlocutory appeal as an exception to the general rule that only final judgments are appealable, *see Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007) (referring to such statutes in general); *Borowski v. Ayers*, 432 S.W.3d 344, 347 (Tex. App.—Waco 2013, no pet.) (referring to permissive appeals).

An order appealable under Section 51.014(d) "must identify the controlling question of law as to which there is a substantial ground for difference of opinion . . .

and must state why an immediate appeal may materially advance the ultimate termination of the litigation." TEX. R. CIV. P. 168. In this case, each of the orders at issue includes the following language: "An immediate appeal from this order may materially advance the ultimate termination of the litigation because a final resolution of the contract construction issues inherent in this summary judgment order should be resolved before trial *for the reasons stated in [JETX Energy's] Motion to Amend Summary Judgment Orders, Permit Interlocutory Appeal, and Stay Trial Court Proceedings*." (Emphasis added.) That motion, which is included as an appendix to the briefing before this Court, summarizes JETX Energy's understanding of the arguments the plaintiffs raised in their three motions for partial summary judgment.[1] But examination of those arguments reveals that the trial court could have granted each motion based on one or more conclusions of law. Thus, we cannot discern an eligible controlling question of law with any specificity. *See Borowski*, 432 S.W.3d at 347–48 (dismissing appeal where unable to determine basis for denial of summary judgment); *accord QBE Ins. Corp. v. Prop. Damage Appraisers, Inc.*, No. 02-22-00322-CV, 2022 WL 3716487 (Tex. App.—Fort Worth Aug. 29, 2022, no pet.) (mem. op.) (denying petition "because the record is ambiguous as to whether the trial court reached—much less ruled on—the question presented for our review, and because 'permissive appeals should be limited to those cases where we can resolve controlling legal issues *necessary to the resolution of the case*'"

---

[1] The motions for partial summary judgment are not part of the limited record before this Court.

(quoting and adding emphasis to *El Paso Tool & Die Co. v. Mendez*, 593 S.W.3d 800, 809 (Tex. App.—El Paso 2019, no pet.))); *Feagan v. Wilson*, No. 11-21-00032-CV, 2021 WL 1134804, at *1 (Tex. App.—Eastland Mar. 25, 2021, no pet.) (mem. op.) (denying petition where order "merely state[d] that 'the Plaintiffs are granted permission to seek interlocutory appeal of this Order, including the court's substantive ruling that res judicata bars parts of Plaintiffs' claims'").

After reviewing the petition and the record before this Court, we conclude JETX Energy has not met its burden to show eligibility for permissive appeal. We therefore deny the petition and dismiss this appeal for want of jurisdiction.


MATT JOHNSON
Justice


Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed May 10, 2023
[CV06]

