**Dismiss and Opinion Filed December 11, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00126-CV**

**HARTLINE BARGER LLP, Appellant**
**V.**
**DENSON WALKER PROPERTIES, LLC D/B/A HILTON GARDEN INN**
**DENISON/SHERMAN, Appellee**

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. CV-20-0984**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Goldstein
Opinion by Justice Goldstein

Hartline Barger LLP has filed a petition seeking permission to appeal the trial court's amended order denying Hartline's partial summary judgment motion on its declaratory judgment on contract claim and granting Denson Walker Properties, LLC d/b/a Hilton Garden Inn Denison/Sherman's partial summary judgment motion on Hartline's claims for violations of the Deceptive Trade Practices Act ("DTPA") and Texas Theft Liability Act ("TTLA"). *See* TEX. R. APP. P. 28.3 (providing procedure for permissive appeal). Hartline's claims are part of a suit it filed against Hilton following a dispute over room cancellation fees. At the center of the dispute

is whether a contract was formed for the use of hotel guest and conference rooms anticipated to be needed by a Hartline litigation team while in trial. For the reasons that follow, we deny the petition. *See id.*

A permissive appeal is appropriate when, among other requirements, the otherwise unappealable interlocutory order sought to be appealed involves a "controlling question of law as to which there is a substantial ground for difference of opinion." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). A "controlling question of law as to which there is a substantial ground for difference of opinion" is an "uncertain" issue of law, unconstrained by procedural or factual issues, that is "important to the outcome of the litigation." *See Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 732 (Tex. 2019); *El Paso Tool & Die Co., Inc. v. Mendez*, 593 S.W.3d 800, 805 (Tex. App.—El Paso 2019, no pet.).

The order Hartline seeks to appeal involves, according to the trial court, three controlling legal issues on which substantial disagreement exists:

- •whether Hartline raised a fact issue on its TTLA claim for lack of effective consent;

- •whether Hartline raised a fact issue on its DTPA claim, both as to identification of a deceptive act and causation; and

- •whether "there exists a March 8, 2019 oral contract between the parties."

*See* TEX. R. CIV. P. 168 (requiring trial court to identify controlling legal issue); *Thornton v. Dobbs*, 355 S.W.3d 312, 316 (Tex. App.—Dallas 2011, no pet.) (contract formed when (1) offer is made, (2) offer is accepted in strict compliance

–2–

with its terms, (3) meeting of minds occurs, (4) parties consent to terms, and (5) contract is executed and delivered with intent that it be mutually binding); *Tex. Integrated Conveyor Syst., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 366 (Tex. App.—Dallas 2009, pet. denied) (op. on reh'g) (TTLA claim requires showing that property was appropriated without owner's effective consent); *Sparks v. Booth*, 232 S.W.3d 853, 864 (Tex. App.—Dallas 2007, no pet.) (DTPA claim requires showing of false, misleading, or deceptive act and resulting damages). The determination of these questions, however, is constrained by the facts. Although the possibility exists that a controlling legal question as to which a substantial ground for disagreement exists might arise in determining whether a fact issue exists in the context of a summary judgment, it is rare, and this fact-intensive case is not that rare occurrence. *See Diamond Prod. Int'l, Inc. v. Handsel*, 142 S.W.3d 491, 496 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (Frost, J., concurring); *see also In re Estate of Fisher*, 421 S.W.3d 682, 684-85 (Tex. App.—Texarkana 2014, no pet.) (denying petition for permissive appeal because controlling issue in will contest—whether undue influence was exerted—involved factual issues); *Borowski v. Ayers*, 432 S.W.3d 344, 348 (Tex. App.—Waco 2013, no pet.) (noting permissive appeal would be inappropriate if summary judgment motion was denied based on conclusion that genuine issue of material fact was raised). Accordingly, we deny the petition. *See Gulf Coast Asphalt Co. v. Lloyd*, 457 S.W.3d 539, 545 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (concluding that, because interlocutory orders

are generally not immediately appealable and requirements for permissive appeal are strictly construed, failure to satisfy one requirement precludes petition from being granted); *see also Sabre Travel Int'l,* 567 S.W.3d at 732 (noting appellate court may deny petition for permissive appeal under authority that interlocutory appeal statute must be strictly construed).


/Bonnie Lee Goldstein/.
BONNIE LEE GOLDSTEIN
JUSTICE

230126f.p05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

HARTLINE BARGER LLP,
Appellant

No. 05-23-00126-CV  V.

DENSON WALKER PROPERTIES,
LLC D/B/A HILTON GARDEN
INN DENISON/SHERMAN,
Appellee

On Appeal from the 15th Judicial
District Court, Grayson County,
Texas
Trial Court Cause No. CV-20-0984.
Opinion delivered by Justice
Goldstein, Justices Molberg and
Pedersen, III participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Denson Walker Properties, LLC d/b/a Hilton Garden Inn Denison/Sherman recover its costs, if any, of this appeal from appellant Hartline Barger LLP.

Judgment entered this 11th day of December 2023.