

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RIDGEFIELD PERMIAN MINERALS, LLC and C. MEGAN BRENNER, | § | No. 08-25-00033-CV |
| | § | Appeal from the |
| Appellants, | | |
| | § | 143rd District Court |
| v. | | |
| | § | of Loving County, Texas |
| DOH OIL COMPANY, | | |
| | § | (TC# 20-01-971) |
| Appellee. | | |
| | § | |

## MEMORANDUM OPINION

Ridgefield Permian Minerals, LLC and C. Megan Brenner have filed a petition for permission to appeal an interlocutory summary judgment granted against them and in favor of DOH Oil Company. After a review of the record below, we conclude that the requirements for a permissive appeal are not met because the trial court's order does not (1) substantively rule on the issues it identifies as controlling or (2) state why an immediate appeal would materially advance the termination of litigation. We dismiss the petition for want of jurisdiction.

## I. FACTS

This case involves competing claims to mineral interests in Loving County between Appellants, Ridgefield and Brenner and Appellee, DOH. The common source of these interests were R.E. Abbott, Samuel Jack Brenner, and E.W. & Ruth Reed.

### A. DOH's claims

DOH's title claims arise from a tax foreclosure. In 2000, Loving County and the Wink-Loving Independent School District foreclosed on the mineral and royalty interests of 161 defendants, including Abbott, Brenner, and Reed. DOH alleges it acquired the interests at issue by a Sheriff's Tax Deed in July 2001. Beginning in 2004, DOH entered into multiple leases with operators. In 2009, its lessee, Endeavor, recompleted a well which produced until 2021.

Abbott's successors and DOH made rival claims to the royalties from Endeavor's production and in 2010, Endeavor filed an interpleader suit in Midland County to determine who was the rightful owner. The parties in that case ultimately agreed to a judgment stating, "DOH Oil Company acquired all of the right, title and interest of R.E. Abbott and his heirs and assigns pursuant to a corrected Sheriff's Tax Deed."

### B. Ridgefield and Brenner's claims

In 2018 and 2019, the successors of Abbott, Brenner, and Reed deeded their mineral and royalty interests to Ridgefield. Ridgefield states that it was aware of the foreclosure and Sherriff's Deed, which it "deemed to be void and inapplicable to the underlying mineral interests" but that it did not know about the Midland County judgment which had never been recorded in the Loving County property records.

In 2020, Appellant Brenner inherited the portion of Samuel Jack Brenner's interests that had not been conveyed to Ridgefield.

2

## C. Underlying lawsuit

Ridgefield and Brenner filed suit against DOH to quiet title and for trespass to try title, declaratory judgment, unjust enrichment, and money had and received. They claim that no effort was made to personally serve Abbott, Brenner, and Reed with the tax foreclosure suit even though publicly available documents contained an address for them. Their suit contends that because of this lack of service, the foreclosure court did not have personal jurisdiction over Abbott, Brenner, and Reed and therefore could not divest them of their mineral interests. Alternatively, they claim that only Abbott, Brenner, and Reed's royalty interests, and not their mineral interests, were the subject of the foreclosure.

DOH filed counterclaims for filing fraudulent documents against real property, tortious interference with contract, tortious interference with real property, civil conspiracy, and to quiet title. Ridgefield asserted as an affirmative defense that it was a bona fide purchaser of the mineral interests because the Midland County judgment was not recorded in Loving County.

## D. Motion for summary judgment

DOH moved for traditional summary judgment on two grounds. First, it argued that Ridgefield's claims are barred by res judicata. DOH asserted that the 2010 Midland County judgment is a final judgment; that Ridgefield is in privity with the prior mineral interest holders that were parties to that suit; and that Ridgefield's claims could have been raised in that suit. It also argued that the bona fide purchaser defense does not apply when res judicata does. Second, DOH argued that it was entitled to summary judgment because Appellants' claims are barred by adverse possession. Specifically, DOH claimed that it acquired the mineral interests by drilling and producing for over ten years. *Nat. Gas Pipeline Co. of Am. V. Pool*, 124 S.W.3d 188, 192–93

(Tex. 2003); *Sun Operating P'ship v. Oatman*, 911 S.W.2d 749, 757 (Tex. App.—San Antonio 1995, writ denied).

Ridgefield responded to the motion for summary judgment arguing that res judicata does not apply because Ridgefield did not have notice of the Midland County judgment and was a bona fide purchaser. Appellants further contend that even if res judicata applies, it does not bar claims to the interests originally held by Reed and Brenner because they were not parties to the Midland County suit. Lastly, they claimed that DOH could not have adversely possessed the mineral interests, because other companies (not DOH) were drilling and DOH was only receiving royalties.

### E. Trial court's order

The trial court entered summary judgment for DOH in an order that states:

> DOH Oil Company's Second Motion for Summary Judgment on Title is hereby GRANTED.
>
> .      .      .
>
> It is further ORDERED, ADJUDGED, and DECREED that all right, title, and interest in and to the mineral estate in and under [the subject property] is hereby quieted in DOH Oil Company against Plaintiffs, and title to the disputed mineral interest is hereby vested in DOH Oil Company.

Because the summary judgment did not resolve DOH's counterclaims, it is not a final appealable judgment. Appellants sought, and the trial court granted, permission to pursue a permissive interlocutory appeal. Tex. Civ. Prac. & Rem. Code § 51.014(d). The trial court found that there are "controlling questions of law in this case for which there is a substantial ground for difference of opinion" identified as follows:

1. Whether Plaintiffs' claims are barred by res judicata under a 2010 judgment entered in favor of DOH Oil Company against several of Ridgefield's predecessors-in-interest.

2. Whether Plaintiffs' claims are barred under the ten-year adverse possession statute in Section 16.026 of the Texas Civil Practice & Remedies Code.

4

Appellants then filed a petition for permissive appeal asking us to determine these questions of law.

## II. ANALYSIS

### A. Permissive appeals

A trial court may grant permission to appeal interlocutory orders that are not otherwise appealable if two requirements are met:

> (1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and
>
> (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (d).[1] The trial court's permission to appeal must be included in the order to be appealed and it must "identify the controlling question of law as to which there is a substantial ground for difference of opinion, and must state why an immediate appeal may materially advance the ultimate termination of the litigation." Tex. R. Civ. P. 168. While we have discretion to accept or deny permissive appeals that meet these requirements, we have no discretion to accept an appeal if they are *not* satisfied. *Indus. Specialists, LLC v. Blanchard Ref. Co. LLC*, 652 S.W.3d 11, 15–16 (Tex. 2022); Tex. Civ. Prac. & Rem. Code Ann. § 51.014(f).

### B. The trial court's order does not Involve controlling issue of law.

The trial court identified two controlling issues of law which corresponded to the two grounds on which DOH moved for summary judgment–res judicata and adverse possession. However, for the order to involve a controlling issue of law as required for a permissive appeal, the trial court must not only identify the issues, but it must also substantively rule on them.

---

[1] The only exclusion from the type of orders that can be permissively appealed are orders in cases brought under the Family Code. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d–1).

*Archibald v. El Paso Orthopedic Surgery Group, P.A.*, No. 08-22-00091-CV, 2023 WL 2214184, at *6 (Tex. App.—El Paso Feb. 24, 2023, no pet.) (mem. op.); *Dafashy v. Jimenez*, No. 01-17-00767-CV, 2017 WL 6001526, at *1 (Tex. App.—Houston [1st Dist.] Dec. 5, 2017, no pet.) (mem. op.) (per curiam); *Borowski v. Ayers*, 432 S.W.3d 344, 347 (Tex. App.—Waco 2013, no pet.); *Eagle Gun Range, Inc. v. Bancalari*, 495 S.W.3d 887, 889 (Tex. App.—Fort Worth 2016, no pet.). "Section 51.014(d) is not intended to relieve the trial court of its role in deciding substantive issues of law properly presented to it." *Gulley v. State Farm Lloyds*, 350 S.W.3d 204, 207–08 (Tex. App.—San Antonio 2011, no pet.))

In this case, the trial court granted summary judgment, but did not state its grounds for doing so. Nor can we infer the ground for the ruling from the record. DOH asked for summary judgment on two different grounds, and the trial court could have granted summary judgment on either or both. The trial court could have ruled that res judicata barred Appellants' challenge to the Sheriff's Deed *or* it could have ruled that DOH acquired the mineral interests by adverse possession. It is also not clear from the summary judgment order whether the trial court's ruling was based on evidentiary grounds. If the trial court's ruling was based on res judicata, there are two possible reasons. It could have agreed with DOH that the bona fide purchaser defense does not apply when there is a prior court order affecting title and so it was irrelevant whether Ridgefield had notice of the 2010 Midland County judgment *or* it could have believed, as argued by Ridgefield, that the bona fide purchaser defense is available despite the prior court order, but still found that Ridgefield failed to meet its evidentiary burden as the nonmovant.

We do not know from the trial court's order if and how it ruled on the two legal issues raised in this appeal. Without a clear ruling, the order does not meet the requirement of involving a controlling issue of law raised on appeal. *City of San Antonio v. Tommy Harral Constr., Inc.*, 486

S.W.3d 77, 82 (Tex. App.—San Antonio 2016, no pet.) ("Because there exists more than one possible reason for the trial court's denial of summary judgment, this court is precluded from inferring the trial court's substantive ruling on the 'controlling legal issue' based strictly upon its denial of summary judgment."); *see also Borowski*, 432 S.W.3d at 348; *Orion Marine Constr., Inc. v. Cepeda*, No. 01-18-00323-CV, 2018 WL 3059756, at *2 (Tex. App.—Houston [1st Dist.] June 21, 2018, no pet.) (mem. op.).

Because the summary judgment order does not substantively rule on the issues before us, we do not have jurisdiction over this permissive appeal.

### C. Trial Court Order Does Not State Why an interlocutory appeal would materially advance termination of litigation.

Even if the order contained a ruling on the controlling issues, it would still be deficient. The trial court's order granting permission to appeal "must state *why* an immediate appeal may materially advance the ultimate termination of the litigation." Tex. R. Civ. P. 168. In this case, the trial court's summary judgment order states, "An immediate appeal from this Order may materially advance the ultimate termination of this litigation by eliminating the expenditure of time and resources on behalf of the judicial system." This conclusory statement correctly states the general goal of permissive appeals– the "early, efficient resolution of determinative legal issues." *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 732–33 (Tex. 2019). But it does not state *why* resolution of the issues identified in the order would advance the termination of this case. *Ochoa v. Avila as Next Friend for Avila*, No. 08-23-00051-CV, 2023 WL 1991579, at *2 (Tex. App.—El Paso Feb. 14, 2023, no pet.) (mem. op.) (dismissing permissive appeal because the trial court only recited the statutory requirement that an immediate appeal advances the ultimate termination of litigation, but it did not explain why); *see also Armour Pipe Line Co. v. Sandel*

7

*Energy, Inc.*, No. 14-16-00010-CV, 2016 WL 514229, at *3 (Tex. App.—Houston [14th Dist.] Feb. 9, 2016, no pet.) (mem. op.).

Appellants, as they are required to do by the rules of appellate procedure, argue that resolution of the issues will advance termination of the suit because the remaining counterclaims rely on the critical issues decided by summary judgment. Tex. R. App. P. 28.3(e)(4). According to Appellants, resolving the controlling issues now will prevent a possible second trial later. Appellants' compliance with Rule 28.3, however, does not cure the deficiency in the trial court order. *Mack v. Pittard*, No. 04-24-00201-CV, 2024 WL 2836624, at *3 (Tex. App.—San Antonio June 5, 2024, no pet.) (mem. op.).

Because the trial court's order does not explain how an immediate appeal would advance the resolution of this case, we do not have jurisdiction over this appeal.

## III. CONCLUSION

Because the trial court's summary judgment order does not meet the requirements necessary for a permissive appeal, we dismiss the petition for lack of jurisdiction.

MARIA SALAS MENDOZA, Chief Justice

April 21, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.