# Court of Appeals
## Tenth Appellate District of Texas

### 10-26-00089-CV

KamKane Enterprises, LLC,
Appellant

v.

City of Gholson, Eddie Oliver, Ric Maddox, Zach McFarland, Holley
Herwig, Buck McAdams II, and Jonathan Spence,
Appellees

On appeal from the
414th District Court of McLennan County, Texas
Judge Ryan Luna, presiding
Trial Court Cause No. 2024-3475-5

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

KamKane Enterprises, LLC filed a timely petition for permission to appeal an interlocutory amended order denying the motions for summary judgment filed by KamKane and Respondents, City of Gholson, Eddie Oliver,

Ric Maddox, Zach McFarland, Holley Herwig, Buck McAdams II, and Jonathan Spence.[1] We deny the petition.

The underlying suit is a declaratory judgment action filed by KamKane seeking a declaration that the City's ordinance Section 3.04.008 is invalid and void. KamKane filed a motion for summary judgment asking the court to declare that ordinance section void. Respondents filed a motion for summary judgment asking the court to grant summary judgment in their favor on all of KamKane's causes of action. The trial court summarily denied both motions in separate orders. The parties then filed an agreed motion for an amended order, leave to file a permissive appeal, and to stay the proceedings. Thereafter, the court signed an amended order again summarily denying both motions for summary judgment and granting the parties' motion for leave to file a permissive appeal. In the order, the court found that:

> (1) This Order involves a controlling question of law as to which there is a substantial ground for difference of opinion; and
>
> (2) An immediate appeal from this Order may materially advance the ultimate termination of the litigation.
>
> And specifically, the Court identifies the controlling legal question, which it has ruled on above, as to which there is a substantial basis for difference of opinion: Is § 3.04.008 of the City of Gholson's code of ordinances

---

[1] The six individuals are members of the City Council of the City of Gholson.

a 'zoning ordinance' or does it regulate the use of land, as distinguished from zoning? Related and ancillary controlling legal questions include: What distinguishes land-use from zoning regulations? Can a Type-A General Law Municipality pass a land-use regulation under its general police powers or is a land-use regulation inherently a zoning regulation requiring a comprehensive plan as defined in Texas Local Government Code § 213.002?

KamKane timely filed an agreed petition for permissive appeal.

An order denying a summary judgment motion is generally not appealable because it is an interlocutory order and not a final judgment. *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994) (per curiam) (orig. proceeding). Appeals from interlocutory orders are allowed in certain instances. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. We will strictly construe any statute authorizing interlocutory appeal as an exception to the general rule that only final judgments are appealable. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011).

A permissive appeal is appropriate when (1) the otherwise unappealable interlocutory order sought to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d). However, the legislature's institution of this procedure authorizing a trial

court to permit an immediate appeal of an interlocutory order is nevertheless premised on the trial court having first made a substantive ruling on the controlling legal issue being appealed. *Borowski v. Ayers*, 432 S.W.3d 344, 347 (Tex. App.—Waco 2013, no pet.). Thus, no controlling question of law is presented for an appellate court's analysis, as required by Section 51.014, unless the record reflects the trial court's determination of the specific legal issue presented for the appellate court to decide. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); *Corp. of the President of the Church of Jesus Christ of Latter-Day Saints v. Doe*, No. 13-13-00463-CV, 2013 WL 5593441, at *2 (Tex. App.—Corpus Christi-Edinburg Oct. 10, 2013, no pet.) (per curiam) (mem. op.); *see also Luccia v. City of Houston*, No. 01-17-00378-CV, 2017 WL 2471107, at *1 (Tex. App.—Houston [1st Dist.] June 8, 2017, no pet.) (per curiam) (mem. op.) (where trial court did not make a substantive ruling on the controlling legal issues, permissive interlocutory appeal not authorized); *Stewart Title Guar. Co. v. Vantage Bank Tex.*, No. 04-15-00228-CV, 2015 WL 2124802, at *2 (Tex. App.—San Antonio May 6, 2015, no pet.) (per curiam) (mem. op.) (same).

The trial court's denial of the motions for summary judgment merely addressed the question of whether a genuine issue of material fact precludes summary judgment. *See* TEX. R. CIV. P. 166a(c). The trial court's order on the motion for summary judgment provides no basis for its denial, and the record

before us fails to show that the trial court made a substantive ruling on the alleged controlling questions of law sought to be appealed. Therefore, KamKane's petition for permissive appeal fails to show eligibility for a permissive appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); *Borowski*, 432 S.W.3d at 347. We deny KamKane's petition for permissive appeal.

 

 

STEVE SMITH
Justice

OPINION DELIVERED and FILED: April 2, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Denied
CV06

